Trustees R. E. Bank *vs.* Hartfield et al.

sign, nor is this a consequence of applying to certain promissory notes, the rules and principles of law by which bills of exchange were then, and still are governed; which is the whole object and effect of the first section of the statute. They were then subject to the statute law of assignments, and continued subject to it without any change in the mode of transfer authorized by that statute; nor does this latter statute abrogate any legal or equitable defence allowed by the former, in actions upon bills of exchange or promissory notes, except that of discount and set-off, which, with the reference therein made to the statute regulating bills of exchange, and the exception as to damages on promissory notes, proves to my understanding, clearly, that the law merchant as qualified by the changes therein made by legislation, prescribes the principles and rules thereby made to regulate and govern such contracts, subject only to the exceptions therein specified and stated above. It is furthermore manifest, from the second section of this statute, that the legislature understood the provisions of the statute of assignments as embracing bills of exchange. For it is upon this assumption alone that their exemption from the defence by way of discount could be necessary or operative; such defence being inadmissible under the law merchant, and authorized alone by that statute. Thereupon the replication is, in my opinion, insufficient, and the court below erred in overruling the demurrer thereto. And for this error the judgment, in my opinion, ought to be reversed.

---

### TRUSTEES R. E. BANK *vs.* HARTFIELD ET AL.

Part payment of a debt, either of principal or interest, within the period of limitations, forms a new point, from which the statute will begin to run.

Part payment by one, before the bar attaches, will bind the other joint debtors—payment by one, is payment for all.

To a plea of the statute of limitation, the plaintiff may well reply a payment—it is no departure. A departure in pleading is where a party quits, or departs from the case or defence which he first made—and can never be, in a matter which fortifies the declaration or plea.

Where a new promise is relied on in answer to the plea of the statute, the declaration

is founded on the original cause of action, and the new promise replied, or given in evidence as a denial of the truth of the plea.

A part payment stands on the same footing as a new promise to take the case out of the statute, and may be replied or given in evidence.

THIS was an action of debt, determined in the Hempstead circuit court, in May, 1844, before the Hon. JOHN FIELD, one of the circuit judges. Sam C. Roane and others, trustees of the Real Estate Bank, sued Hartfield, Brown and Moss, on a note to the Bank, dated Dec. 21st, 1839, for $1,566 67, due 12 months after date, and assigned to the plaintiffs on the 2nd of April, 1842. Plea, *actio non, infra tries annos;* to which the plaintiffs replied that on the 12th of April, 1841, and less than three years before suit commenced, the defendants paid to the Plaintiffs on the note $450 41, and all interest then due. Demurrer to replication sustained, and judgment for defendants, on error.

*Pike & Baldwin,* for plaintiffs. The 15th section of chapter on limitations leaves the common law in full force as to the effect of a payment to take the case out of the statute of limitations. *Rev. Stat.* 529.

The law is perfectly well settled that a payment made within the time prescribed by the statute, is equivalent to an acknowledgment, which takes the case out of the statute. *Hunt vs. Bridgham,* 2 *Pick.* 583. *Gibson vs. Peoples,* 2 *McCord* 418. *Austin vs. Bostwick,* 9 *Conn.* 496. *Denny vs. Eddy,* 22 *Pick.* 533.

And it seems equally well settled that a payment by one of several joint and several contractors, especially if made before the statute attaches, will take the case out of the statute as to all. *Hunt vs. Bridgham, ub sup. Whitcomb vs. Whiting,* 2 *Doug.* 652. *Jackson vs. Fairbank,* 2 *H. Bla.* 340. *Smith vs. Ludlow,* 6 *J. R.* 267. *Frye vs. Barker,* 4 *Pick.* 384. *Bound vs. Lathrop,* 4 *Conn.* 336. *Austin vs. Bostwick, ub. sup. Ward vs. Howell,* 5 *Har. & Johns.* 60. *Pernam vs. Raynall,* 9 *Moore* 566. *Hopkins vs. Banks,* 7 *Cowen* 653. *Skelton vs. Cocke,* 3 *Munf.* 191. *White vs. Hale,* 3 *Pick.* 291. *Hathaway vs. Haskell,* 9 *Pick.* 42. *Getchell vs. Heald,* 7 *Greenl.* 26. *Binleigh vs. Stott,* 2 *Man. & Ry.* 23. *Patterson vs. Choate,* 7 *Wend.* 441. *Colt vs. Tracy,* 9 *Conn.* 1. 15 *Maine* 390. *Van Reinsdyk vs.*

Trustees R. E. Bank *vs.* Hartfield et al.

*Kane,* 1 *Gall.* 635. *Greenleaf vs. Quincy,* 3 *Fairf.* 11. *Cady vs. Shepherd,* 11 *Pick,* 400. *Benleigh vs. State,* 8 *Barn. & Cress.* 36. *Sigourney vs. Drury,* 14 *Pick.* 387. *Wyatt vs. Hodson,* 8 *Bing.* 309.

It will be observed that in this case, as in *Sigourney vs. Drury,* the payment is alleged to have been made before the three years from the time the cause of action accrued had elapsed.

The only remaining question is, whether there is any departure in the plea.

There can be no departure where the variance between the former and latter pleading is in a point *not material. Lee vs. Rogers,* 1 *Lev.* 110. *Cale vs. Hawkins,* 10 *Mod.* 348. The idea that there is any departure in this case, is preposterous. *Stephen on Plead.* 417. *Ch. on Pl.* 685. *Com. Dig. Pleader, F.* 11. *Prince vs. Phillips,* 1 *Salk.* 222. *Serle vs. Darford,* 1 *Ld. Raym.* 120. *Bevan vs. Chapham,* 1 *Lev.* 143. *Parrington vs. Lee,* 2 *Mod.* 312. *Vere vs. Smith,* 1 *Lev.* 5. *Lawton vs. Ward,* 1 *Ld. Raym.* 76.

A good replication may either conclude the defendant by matter of estoppel, may deny the truth of the matter alleged in the plea, may confess and avoid it, or may new assign. *Gaylord vs. Van Loan,* 15 *Wend.* 312. 1 *Ch. Pl.* 549, 573, 575. 2 *id.* 592. 1 *Saund.* 257, 325, *n.* 4. *Willes* 9.

In truth, the distinction, though we sometimes find it stated in general terms that the one is available only *as evidence,* while the other is *by plea,* does not appear to be very thoroughly determined. *Gaylord vs. Van Loan, ub sup.* Apply the principle of this case to the one now before the court. It must be admitted that the matter of the replication was a good answer to the plea in point of law. *Chandler vs. Vilett,* 2 *Saund.* 117. *Hyde vs. Stone,* 7 *Wend.* 354. *Barrett vs. Barrett,* 8 *Greenl.* 354, is precisely in point.

*By the Court,* SEBASTIAN, J. This is an action of assumpsit on promissory note, to which the statute of limitations was pleaded. The plaintiff in the circuit court replied specially, a payment made by defendants within the three years preceding the institution of the suit. To this there was a demurrer sustained, and whether the fact replied

70.

is a good answer to the plea, and whether it is well pleaded, are the only questions arising in the cause.

The rule is well settled upon the construction of the statute, 21 *Jac.* that a promise to pay a debt barred by the statute, or a direct acknowledgment unaccompanied with a refusal to pay, will take the case without the operation of the act. There is a difference in the interpretation put upon the statute by the earlier decisions, and that which it has received at a later period under a better view of its object and policy. Formerly it was regarded as a mere protection against old and stale claims, unjustly put in suit, when the proofs of their satisfaction were lost by accident or time, so that a slight and vague acknowledgment that the debt subsisted, was considered as evidence of a new promise to pay, and avoided the operation of the statute. This construction, which, it has been said, virtually repealed the act, and certainly fell far short of its true spirit and design, has been gradually abandoned, and followed by a series of adjudications giving to the statute a more extended operation, and adopting a more liberal conception of its true character. In this the courts have concurred with the legislature in treating it as essentially a statute of peace. Before the passage of our statute of limitations, the law was well settled that a verbal promise or acknowledgment of a debt, even by one of several joint debtors or partners, would be a sufficient answer to the statute, the joint debt or duty being proved *aliunde.* This was the consequence of their joint contract, and the unity of interest, and as long as that continued, the promise or acknowledgment by one, was the act of all. Our act of limitations changed the law upon the subject by requiring the promise to be in writing, and confining the effect of it to the party making it, without prejudice to the other joint contractors. By the 14th and 15th sections of the act, which makes the change in the law, it was intended simply to limit the effect of a promise or acknowledgment by one joint debtor, and to alter the grade of evidence by which it is to be proven. This has settled the law as far as it goes, and removed some of the difficulties, which have surrounded the subject. The fact, however, by a saving in the 15th section, preserves the effect of a payment unaltered and unimpaired, leaving it where it found it at the passage of the act. What, therefore,

was the effect of a part payment of the debt or interest in defeating the operation of the statute at the time of its enactment? To avoid the operation of the statute there must be a promise to pay the debt either express or implied within three years prior to the commencement of the suit, and a promise may be inferred from an unequivocal, clear and unconditional acknowledgment of the existence of the debt at the time of the admission if unaccompanied with a refusal, or any declaration indicative of an intention to insist on the protection of the act. And such promise may, in like manner be inferred from a part payment of the debt within three years, either of principal or interest, a payment being of itself an unequivocal admission of the continued existence of the balance of the debt, and forming a new point from which the statute will begin to run. *Bangs vs. Hall,* 2 *Pick.* 368. *Hunt vs. Bridgman,* 2 *Pick.* 581. *Sigourney vs. Drury,* 14 *Pick.* 391.

So far as the liability of the debtor, upon his own promise, acknowledgment, or part payment is concerned, the law has been clearly settled; but in extending the principle to the case of joint contractors and partners, the question has been involved in some difficulty and controversy. This case does not involve, however, controverted point, how far the acts or admissions of one partner can affect the others after a dissolution of the partnership; nor how far a payment by one joint contractor may bind the others, after they are exonerated under the operation of the statute. The question here is to the effect of a payment before the statute has barred the debt, and which may be regarded as rather the continuation of the old liability than the creation of a new one. That a part payment is such an acknowledgment, at least when made before the bar attaches, as will bind the other joint debtors, has never been seriously questioned. This principle was first distinctly recognized in *Whitcomb vs. Whiting,* 2 *Douglass* 152, and *Woods vs. Braddick,* 1 *Taunt.* 104; and although the authority of these cases, in their full extent, has been sometimes doubted, yet so far as they establish the doctrine laid down, remain unshaken. In the former case Lord MANSFIELD notices the distinction between a part payment and an ordinary verbal acknowledgment, and observed that payment by one is payment for all, and enures to the benefit of

all. To this extent the doctrine of *Whitcomb vs. Whiting* was re-asserted in *Brandram vs. Wharton*, 1 *Barn. & Ald.* 463, and the court in that case consider the principle as still stronger, where the part payment or admission is made by a party liable, and against his own interest. To the same effect may be cited the case of *Jackson vs. Fairbank*, 2 *H. Bl.* 340. *Atkins vs. Wodgold*, 2 *B. & Cress.* In *Puham vs. Raynal*, 2 *Bingham*, 304, the very case was decided which we are now considering. It was the case of a surety who was held bound by the mere acknowledgment of the principal, and the distinction as to when the admission was made, was not adverted to by the court. This case certainly carried the principle to the full extent, and even further than it is necessary to go in the case before us. And in the still later case of *Benleigh vs. Scott*, 8 *Barn & Cress*, 36, which was upon a joint and several promissory note. BAYLEY, J. said "that the part payment by one operated in point of legal effect, as a new promise by all and each of the promissors to pay according to the nature of the instrument." In *Wyatt vs. Horlson*, 8 *Bing.*, 309, which was also upon a joint and several note, which one had executed as surety, it was again decided. And this case, decided in 1832, since Lord Tenterdon's act, which is similar to ours, is more applicable as it shows the reason why a part payment is excepted out of the terms of the act, and puts it upon the ground that payment of principal or interest, stands on a different footing from the making of promises, which are often rash or ill interpreted, while money is not usually paid without deliberation, and it is an unequivocal act, so little liable to misconstruction, as not to be open to the objection of an ordinary acknowledgment."

These authorities establish the doctrine firmly, and indicate clearly how the law was at the time our statute passed. They clearly show that a part payment of either principal or interest by one of several joint debtors will defeat the statute of limitations, particularly if the payment be made before the time has elapsed, which would complete the bar.

As to the objection which has been raised to the replication, that it is a departure from the declaration; we think it is not tenable. The matter is, as it is clearly settled, a good answer to the statute of

Trustees R. E. Bank *vs.* Hartfield et al.

limitations, and rendered necessary to be replied to by the plea of the defendant. A departure in pleading is when a party quits or departs from the case or defence which he has first made. 1 *Ch. Pl.* 635; and a departure can never be in a matter which maintains and fortifies the declaration or plea. *Com. Dig. Pleader F.* 11. Now here is no resting upon a ground different from, or inconsistent with, that occupied in the declaration, but the replication sets up a matter affirming the cause of action upon the same grounds, and denying the matter alleged in the plea. When a new promise is relied upon as an answer to the satute of limitations, the declaration is founded upon the original cause of action, and the new promise is set forth in the replication or adduced in evidence as a simple denial of the truth of the plea. *Barrett vs. Barrett,* 8 *Greenleaf,* 355. A part payment stands upon the footing of an acknowledgment or promise, to avoid the statute, and according to this rule may be replied or given in evidence. The plea alleges that the defendants did not undertake, &c., within three years next before the commencement of the suit; and a payment within that time either pleaded or proved in evidence, directly contradicts the plea. There can be no departure in a replication when it simply denies the plea. The effect of payment, whether regarded as a renewal or the continuation of the old contract, is still a denial of the plea. Doubtless it is more proper to introduce a part payment in evidence, under the general replication, without specially pleading it, and this would be necessary if such part payment stood alone upon the footing of a proof. This, however, is not the case. By our statute, and the law as established by judicial decisions up to that time, it amounted in legal effect to a promise. It was such by implication of law. We therefore cannot see why it may not be replied as a distinct answer to the statute, with as much propriety as if it was given in evidence under the usual replication. We are therefore of opinion, that the matter contained in the replication was well pleaded, and sufficient to take the case without the operation of the statute. For that reason the judgment must be reversed, &c., and the court instructed to overrule said demurrer, &c. Judgment reversed.