Mr. Justice Scott delivered the opinion of the Court. This action is founded'1 upon a promissory note, running to maturity the 1st day of January, 1843. The statute bar of three years was interposed, and, to displace it, a part payment, made on the 15th May, 1845, was relied upon. But, as the action was not commenced until the 20th January, 1849, more than three years had then elapsed after the part payment. So, unless the legal effect of the part payment was to take the case out of the act of 1839, and to place it within that of 1844, the plea was a peremptory bar. The court below ruled it to be such, and this is assigned here for error. The question assumed here, then, is that such was the legal effect of the part payment. And, to sustain it, the counsel insists that a part payment upon a promissory note has the same legal effect as to the balance unpaid, andastosuchistobe regarded in the same light, as if the debtor making the part payment had executed a new note lor such balance payable immediately. We think this proposition, thus roundly stated, cannot be maintained either upon principle or by authority, and that, even if the contrary be true, it would be difficult to show, upon the basis of either, that the appellant could derive any benefit from it under the state of the pleadings. This proposition seems first to assume that the legal effect of a part payment is precisely the same, whether made before or after the bar of the statute has been perfected by efflux of time, and then, upon this foundation, insists that inasmuch as a debt that was once barred stands, when revived, not by its original force but by force of the new promise which imparts to it vitality that therefore the inevitable result of the promise which the law implies from part payment, whether made before or after the bar has attached, is the instantaneous existence of a new and independent contract having a reference to the old debt only as constituting its valid consideration in law. Now, we apprehend that if this were all granted, it is by no means clear that the pleadings in this case present such allegations, either special or general, as would authorize a recovery for a breach of a new and independent contract. For upon what ground can it be maintained that a recovery can be had for the breach of a new and independent contract springing out of that declared for, although the Qonsideration for the latter may be the moral obligation of the former ? But we deem it unnecssary to go into an examination of the doctrines shadowed forth in the latter part of the supposed hypothesis of the appellant’s counsel upon which we know there has been considerable contrariety of opinion as they are not necessarily involved in the question before us, because we shall find a solution of this question satisfactory to our own minds in an examination of the former. Doubtless, a part payment, whether made before or after the bar has attached, is precisely the same in respect of several particulars, but certainly not as to all. For “ there is an obvious difference between the effect of a part payment within the term, which shall continue an existing liability in force and such payment made after the liability is barred to revive and continue a new liability,” as is remarked by Chief Justice Shaw, in the case of Sigurney vs. Drew,(14 Pic. R. 391,) and that distinction is, in the two cases of Trustees R. E. Bank vs. Hartfield et al. (5 Ark. 551,) and of Biscoe et al. vs. Jenkins et al. (5 Eng. 108,) distinctly recognized by this court. On the other hand it is true that in either case, it does produce a new point from which the statute will again commence to run and prevents its running previous to such payment. But when the payment is made before the bar has attached, can it be said either to destroy a legal defence or to impart vitality to a debt in the same sense as when paid afterwards? In the one case, neither the debt or the remedy for its recovery can be said to be in the least degree impaired, because both remain in full life up to the moment when the efflux . of time perfects the bar. In the other the debt has no vitality because of the presumptions of law against its existence as a valid debt; and there is no remedy at all for its recovery. Because the debtor has evidence of its satisfaction even more conclusive than a receipt would be of a payment and a defence invincibly effectual if he chooses to interpose it. In the one case then, it would seem that the payment could not do more than to continue the life of the debt by prolonging the period during which it might be recovered and correspondingly prolong the point of time when a legal defence would exist by mere efflux of time. While in the other case it must effect more than that because, as we remarked in the case of Biscoe et al. vs. Jenkins et al. (5 Eng. 119,) •“ when the bar of the statute has attached the essence of the thing done when the debt is revived is the creation of a new right of action on the old debt and the distinction of a legal right of defence to any action that, before, might have been brought for its recovery.” And this is doubtless done by the combined legal effect of the part payment (where that is the mode of revival) in imparting vitality to the debt and in destroying the legal defence then at the option of the debtor. Now when the part payment is made before the bar has been perfected it is impossible in the nature of things that its effect can be to destroy such legal defence because at that period it had no existence, and therfore as to this case only postpones the point of time when it may exist. And so as to its supposed effect in imparting vitality to the debt there can be no place for this legal effect, (as the debt is then in full life) otherwise than in prolonging its existence, and therefore in such case such legal effect cannot be the creation of a new and independent life breathed into an inanimate debt. Because it would be as absurd to suppose so as it would be to suppose that the nourishment that a man had taken to sustain and continue life had crea, ted his state or subsequent life, or that two physical bodies, that could occupy the same space only in succession, could be made to do so at the same instant of time. ■ We think it therefore unreasonable to hold that a part payment made before the bar of the statute has been perfected ere - ates a new right of action for the recovery of the balance. On the contrary, we think that; although the effect of such part payment is to prolong the period of recovery, yet although the plaintiff avails himself of this prolongation in the action for this purpose, he is nevertheless but in the use of his original remedy upon his original right of action for the recovery of his original debt, neither having been at any time either destroyed or impaired. Entertaining these views we hold that the part payment in question did not take this case out of the act of 1839. And finding no error in the proceedings or judgment of the court below, the latter must be affirmed with costs.