Oldham, J. delivered'the opinion of the court. This was an action of debt instituted in, the circuit court of Pulaski county by McKee against Couch upon a promissory note. The defendant interposed two pleas in bar of the plaintiff’s recovery : 1st, That the cause of action did not accrue within three years next before the commencement of this suit; and second, that the consideration for which the promissory note sued upon was executed, had failed. The plaintiff below moved to strike out the first plea, which motion being sustained by the court, the defendant excepted. The plaintiff demurred to the second plea, which was sustained by the court and the plea adjudged bad; The defendant saying nothing further, final judgment was rendered in favor of the plaintifl upon the demurrer. The correctness of the decision of the circuit court upon the two pleas thus disposed of, is called in question by the assignment of errors. The decision lipón the first plea presents the question whether the act of the legislature passed Dec’r. 14th 1844, extending the limitation of actions at law, and repealing all other statutes upon the subject, revived causes of action already barred by previous statutes. The determination of this question depends upon the op-©ration of the act referred to, whether retrospective or prospective. The great injustice of retrospective legislation has been frequently exposed by courts of justice, and their disapprobation of such laws has been expressed in the strongest language. It is not necessary to repeat the objections that have so frequently been urged against such legislation, but we will only refer to the case of Calder vs. Bull, 3 Dall. 386, and to the opinions of a majority of the judges in Dash vs. Van Kleeck, 7 J. R. 477, for reasons strong and insuperable against retroactive laws, and against giving a law a retroactive construction, if it be susceptible of any other. It is clear from the language employed by the legislature in the act under consideration, that it was intended that its operation should be prospective ; that it was intended to apply to causes of action thereafter accruing, and not to those already barred by the laws then in force. The language employed is “ that actions on promissory notes and other instruments in writing not under seal, shall be commenced within five years after the cause of action shall accrue and not after” — language relating to future causes of action and not to those already barred. As far as courts of justice have ever gone in giving operative effect to statutes of limitations to contracts existing at the time of their passage, is to such contracts as are not barred by previous statutes. The People vs. Supervisors &c. 10 Wend. 375. Baldwin vs. Cross 5 Ark. 510. The impolicy of legislative changes of the laws is too well known and understood by members of the legal profession to require comment. Great injury, vexatious and protracted litigation often result from an unwise alteration of existing laws, which have already received a judicial construction. If the law under consideration is to receive the construction, contended for by the defendant in error, the impolicy of changing statutes of limitation is more manifest than in any other case, unless the new law is confined in its. operation by express words to future contracts, and not permitted to extend to those already barred. Otherwise,' parties defendant would be unjustly deprived of defences acquired under laws previously existing, and subjected to the payment of demands against which they had acquired a valid legal defence. The question now before the court was determined in the supreme court of Mississippi in Davis vs. Minor, 1 How. 183. The reasoning of the court is, to our minds, a conclusive answer to many of the positions assumed by the counsel for the defendant in error. It was there said by Sharkey Ch, J, in delivering the opinion of the court that “By a numerous train of decisions it is held that the statute of 'limitations operates on and affects the remedy merely, and is not to extend its influence to the construction oí the contract, or what is called the right. Without pretending to question the truth of this position, I think the effect or operation and the remedy may clothe a party with a defence, or a right to set up a resistance which cannot be taken from him without his consent. If a party be deprived of his remedy, in what does his right consist? Whatever the rule may be in morals, in a purely legal point of view, I think it is difficult to imagine the existence of a right without some adequate remedy. It is a maxim that there is no right without a corresponding remedy; by which I understand that they are dependent terms; that one cannot exist without the bther; that the idea of a right is predicated upon and necessarily carries with it, as essential to its existence, the means also of enforcing it; and the moment the remedy is destroyed the right must go with it. It is true the remedy may be suspended by the force of circumstances over which the party has no control, and in which he does not act. If it be true that the remedy is a constituent part of a right (and they cannot exist separatety) must it not follow that whatever destroys the one must destroy the other ? If the statute of limitations should operate only as a suspension of the remedy and not as a total-destruction of it, the result would be the same, as that suspension is the consequence of the acts of the claimant, and it is a well settled rule that a remedy, suspended by the act of the party entitled to it, is forever gone. The holding up of the claim until the statute had run was the act of the party and by it he lost his remedy, and at the same time a good defence was vested in the opposite party. If the application be made to the present case, can it be true that the statute of limitations destroyed the remedy of the plaintiffs below but left the right undisturbed to take effect upon the happening of a contingency in which the defendant had no Agency 1 To my mind -it is clear that the moment the remedy was gone by the running of the statute, the right was gone also, and a right to set this lapse of time up as a defence, vested in the opposite party, and he could not be deprived of the privilege without his consent by subsequent, legislation. This must be the rule if a defence may form the subject of a right, and that it may, seems to me most clear. Defences, like causes of action, are of various kinds, arising by operation of few, predicated on some act or supposed act-of the parties, or by connection or agreement between them and in either -case must be equally operative. A bar created by the statute of -limitations is as effectual as a payment, and a defendant cannot be deprived of the benefit of such payment, nor <the evidence to support it, and having provided himself with evidence sufficient and legal,at the time of payment, no law can change the nature or destroy-the sufficiency of the evidence.” At the time of bringing this suit, three years had elapsed, which formed a complete bar to the plaintiff’s right of recovery, by virtue of the laws then existing. The defendants right to set up this lapse of time as a defence to bar the plaintiff’s recovery was a legal right, of which he could not in justice be deprived by subsequent •legislation. At the time ©f bringing the suit the plaintiff had no cause of. action which by law entitled him to a recovery against the defendant and if the legislature, by repealing the laws then in force and extending the limitation-, revived causes of action already barred and deprived the defendant of his legal and valid defence, its operation would be to take from the defendant by force of legislation the sum Claimed in the declaration, which by law was his own property and transfer it to the plaintiff, who, at the time of bringing the suit, had no lawful claim whatever to its, recovery. The proposition that the legislature has the power to take the property ••of 'one toan and transfer it to another, is at once monstrous' and absurd. And what is the difference between that proposition and the one that the legislature has the power to deprive a man of a legal defence against a demand set up agaiust him ? In the first case the action would be direct and fully understood ; in the second, it would be indirect, taking the property of the defendant under the form of a judicial sentence by depriving him of a valid defence against a demand invalid in law. In Lewis vs. Taylor, 2 Devereux 374, it was held by the supreme court of North Carolina that actions on judgments before a justice of the peace, being barred by one act, were not revived by a subsequent act extending the time of limitation. The c.ounsel fori the plaintiff'in error have referred the court to the case of Bigelow’s Ex’r. vs. Bigelow’s Ad’r. 6 Ohio Rep. for a decision of the supreme court of Ohio holding the same doctrine, but we have been unable to obtain the authority referred to. The court is of opinion that the act of December 14th 1844 did not revive causes of action barred by the laws in force at the time of its pa-ssage, nor deprive defendants of their right to set up the statutory bar as a defence to any suit brought upon such demands, and that consequently the circuit court erred in striking out the plea of the defendant below. The demurrer to the second plea, alleging a failure of consideration, was properly sustained by the circuit court. Where there has been a failure of consideration of a contract, and a suit is brought upon the contract, the defendant may set up such failure as a bar to a recovery against him. And where money has been paid or deposited upon a contract, and, before any benefit has been derived by the payor, or any part of the contract has been performed by the opposite party, the consideration wholly fails, an action may be maintained upon the common counts to recover the amount so paid or deposited. Chitty on Contracts 622. Had Couch, at the time of the purchase of the note of Dixon, Strong & Co. paid to Lawson B. McKee the amount in cash instead of giving his note for a part, and a negro for the residue, he would not, under the circumstances, be intitled to recover the amount so paid upon the common counts for money had and received. The plea does not show that McKee, or McKee, Young & Co. guaranteed the payment of the note, dr that Dixon, Strong & Co. were insolvent at the time of the endorsement of their note to Couch, and that McKee-was aware of the fact and the defendant ignorant of if. It does not show that when the note of Dixon, Strong & Co. became due demand of payment was made of them and notice of-non payment given to the endorsers according to the law merchant. It will not be contended for a moment that the purchaser of a note may recover the amount which he may have given for it, because the maker may have become insolvent. Nor can he resist a payment of a note given under such circumstances upon the grounds of a failure of consideration. The plea shows no failure of consideration and was properly adjudged bad: But for the error in strildng'out the first plea the judgment must be reversed.