Oí/DHam, J. The first question to be determined in this case is ■Whether the circuit court erred in overruling the defendant’s demurrer to the plaintiff’s replication to his first plea of the statute of limitations. The plea avers that the cause of action did not accrue within five years before the commencement of the action. The' replication avers that at the time the cause of action accrued “ the said Higgins (the plaintiff below) did reside and has ever since and at the time of the passage of the act entitled “ an act concerning limitations,” passed by the General Assembly of the State of Arkansas, on the 14th day of December A. D. 1844, resided beyond the limits of said State, to wit, in the State of Alabama, and still continues to reside in said State.” At the date of the writings obligatory set forth in the plaintiff’s declaration and at the time his right of action accrued upon them,' there was no statute of limitation applicable to them in the then Territory of Arkansas. On the 20th March 1839, when the Revised Statutes took effect, the right of action upon the writings obligatory was not barred. It is a rule laid down by courts in the construction of acts of limitation that they apply to demands existing at the time of their going into operation and regard them' as demands accruing on the day they took effect. The People vs. Supervisors of Columbia, 10 Wend. 363. In Baldwin vs. Cross, 5 Ark. Rep. 510, it was held that the limitation act contained in our Revised Statutes “operated upon demands existing at the time, the same as upon those accruing upon the day it took effect, and that all demands existing when the act went into operation must be sued for within the time prescribed, or they will be' barred.” In Dickerson vs. Morrison, 1 Eng. Rep. 264, it was held that five' years was the time fixed by the act as a bar to actions upon writings obligatory. According to the principies thus settled the defendant’s plea, that the cause of action had not accrued within five years next before the commencement of the suit was a valid plea, and, if true, was a good defence to the defendant unless th6 plaintiff by replication brought himself within one of the savings contained in the 13th section of the act. This he did by replying that he was a non-resident of the State of Arkansas and a resident of the State of Alabama. It is insisted however that inasmuch as the 13th section of the act was repealed by the act of 14th January 1843, the replication is no avoidance of the plea. This leads us to inquire into the effect of the repealing statute. Until the time of its passage there was no limitation as to non-residents. It is correct as insisted by the plaintiff in error that non-residents should not be placed upon á better footing than our own citizens, but the legislature had so placed them. Did the legislature by repealing the saving in favor of non-residents remit them back to the time when the Revised Statutes took effect? If such be the case many causes of action existing at the time of the repealing statute were by that act barred instanter. Such consequences would have been exceedingly unjust and were surely not designed by the legislature. We’ conceive that the true construction is that the legislature by repealing the saving in favor of non-residents in effect enacted a limitation law applicable to non-residents and which took effect from the date of its passage. Hence all causes of action existing in favor of non-residents upon writings obligatory on the 14th January 1843 had five years to run from that date, and consequently the plaintiff’s cause of action at the time of the institution of his suit was not barred. The legislature again on the 14th Dec. 1844, passed another act concerning limitations, by which it was enacted “ that all persons who reside beyond the limits of this State at the passage of this act may institute suit or suits upon any cause or causes of action which they may have, within two years after the passage of this act, notwithstanding such suit or suits may be barred by this act or any other limitation act now in force” &,c. The plaintiff shows by his replication that his right of action was not barred at the time of the passage of the last mentioned act, consequently, twb years not having expired from the date of that act to the institution of his suit the replication was a good avoidance of the plea,' and the demurrer was properly overruled. It is insisted that the court below improperly sustained the demurrer to the defendant’s second plea of the statute of limitations. This plea averred that the cause of action had not accrued within ten years. It has already been shown that five years was the bar to actions upon writings obligatory by the first act containing a limitation to such actions. But had the Revised Statutes enacted that such causes of action should run ten years then it is clear that the plea was bad, for ten years have not yet elapsed since the statute commenced. Baldwin vs. Cross, 5 Ark. Rep. 510. Dickerson vs. Morrison, 1 Eng. Rep. 264. It is assigned for error that the court permitted the depositions taken on the part of the plaintiff below to be read in evidence. This is a groundless objection. There were two issues of fact to be tried; the first, payment upon the third plea: and the second, whether there was an assignment of the writings sued upon to E. Warren, as alleged by the fifth plea. The onus was upon the defendant upon both these issues: he held the affirmative, and the plaintiff was entitled to a verdict in his favor without any proof, unless the defendant had supported his pleas by proof. The defendant introduced no testimony whatever, and it was a nugatoiy act, a work of supererogation on the part of the plaintiff to introduce evidence to obtain a verdict in his favor to which he was entitled by the pleadings on record. It is wholly immaterial, a fruitless inquiry to consider whether the depositions were properly admitted. The next question to be determined is whether the circuit court correctly sustained the demurrer to the sixth plea filed by the defendant below. The plea avers “that the plaintiff after the making of the two writings obligatory in the first and second counts of the said plaintiff’s declaration mentioned and set forth, and before the exhibiting of the declaration of the said plaintiff against the said defendant, the said plaintiff endorsed and assigned the said writing obligatory in the said declaration mentioned, and that by the force and effect of said endorsement and assignment said plaintiff transferred his interest in said writings obligatory and was not the legal owner and holder of the same at the time of exhibiting his said declaration.” To constitute aTvalid transfer by endorsement or assignment so as to divest the obligee or payee of his legal right and interest in any instrument made assignable by law, and to vest the same in the assignee or endorsee, there must be an assignor, and assignee and assignment or endorsement of the instrument which is consummated by delivery. This plea is defective in not showing that the writings obligatory were assigned to any person and also'in not averring a delivery to any person. It is a rule that every pleading must be construed most strongly against the party pleading. Inasmuch as no assignee is named, the conclusion is that the assignment was in blank, and as no delivery is averred, the presumption is there was none, and this presumption is supported by the plaintiff’s declaration. It is alleged for error that the court did not adjudicate upon or dispose of the plaintiff’s demurrer to the defendant’s fourth plea. In this we conceive the plaintiff in error has mistaken the record. It appears that he joined in the demurrer to his other pleas and M submitted to the demurrer ” to the fourth plea, leaving it plainly to be inferred that he conceded the demurrer, which would have been sustained by the court. Lastly, there was no ground whatever to have authorized a new trial. By the pleadings the burthen of proof rested upon the defendant below, and he failing to introduce any evidence whatever to support the issues on his part the plaintiff was entitled to a verdict and judgment upon the facts admitted by the record. Upon the whole record we are of opinion that the judgment should be ¡affirmed.