HICKS ET AL. vs. LUSK & Co.

The cases of *The Trustees, etc. vs. Hartfield et al.* (5 *Ark.* 551,) and *Biscoe et al. vs. Jenkins et al.* (5 *Eng.* 108,) and other cases, that a part payment by one of several contractors, or partners, before the bar of the statute of limitations has attached, forms a new point from which the statute begins to run as to all, *approved and adhered to.*

*Error to   Pulaski   Circuit   Court.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

On the 7th May 1857, Lusk & Co. commenced an action of

assumpsit against Allen W. Hicks and Isaac C. Mills, late partners under the firm name of A. W. Hicks & Co., in the Pulaski Circuit Court.

The action was founded on an open account—a bill of groceries amounting to $663 66, sold by the plaintiffs to the defendants on the 18th of April, 1854.

In addition to the general issue pleaded by both of the defendants, the defendant Hicks interposed a separate plea of the statute of limitations of three years; to which the plaintiffs replied part payment within the bar, etc.

On the trial, before the Court sitting as a jury, the plaintiffs proved the account sued for; and also proved that the defendant Mills paid to the plaintiffs $50, upon the account, on the 1st of July, 1854.

· The counsel for Hicks asked the Court to declare the law to be: " That the payment of $50, on said account, on the 1st of July, by the said Isaac C. Mills, did not take the case out of the statute as to said Hicks, and that the statute bar as to Hicks was not removed thereby."

The Court refused so to declare the law to be, but on the contrary, and at the request of the plaintiffs, declared the law to be: " that a part payment by one contractor or partner on a debt, before the statute bar has attached, takes the case out of the statute as to all the contractors or partners, and that the payment of $50 by Mills took the case out of the statute as to said Hicks."

Judgment for the plaintiffs, and writ of error by defendants.

The judgment of the Court below was in accordance with the decisions of this Court. The part payment by Mills, one of the partners, before the bar attached, formed a new point from which the statute began to run as to both the members of the firm. The payment was made on the 1st July, 1854: the suit was commenced on the 7th May, 1857, and consequently was in time. *Trustees R. E. Bank vs. Hartfield et al.,* 5 *Ark.* 551; Followed in *Alston vs. State Bank,* 4 *Eng.* 459; *Biscoe et al vs. Jenkins et al.,* 5 *Eng.* 108; *Ib.* 163; *State Bank vs. Wooddy et al.*

*Ib.* 638; *Biscoe et al. vs. Stone et al.,* 6 *Eng.* 39; *Durritt vs. Trammell, Ib.* 187; *Wood vs. Wylds, Ib.* 756; *State vs. Terry,* 7 *Eng.* 133; *Woods vs. State Bank, Ib.* 693; *Ib.* 698; *Ib.* 775; 13 *Ark.* 39; *Mason vs. Howell.* 14 *Ark.* 199; *Ruddell vs. Folsom, Ib.* 213; *Armistead vs. Brooke* 18 *Ark.* 521.

The counsel for the plaintiffs in error insists that the case of the *Trustees of the R. E. Bank vs. Hartfield* is not based upon sound legal principles, and should be overturned. In *Biscoe et al vs. Jenkins et al.,* 5 *Eng.* 108, that case was reviewed, the English authorities upon which it rested were discussed, and it was shown that the decisions in our country were *pro* and *con*, but the Court did not think proper to overrule it, but merely refused to extend it, and held that a part payment by one joint debtor, after the bar attaches, does not revive the debt as to another. We think it is now too late to disturb the case. Changes in the law of limitations, either by legislation, or fluctuations in the decisions of the Courts, are productive of evil consequences.

The counsel for the defendants in error insists that the judgment of the Court below should be affirmed with damages; but it has not been the practice of this Court to award damages where there has been no stay of execution by recognizance, though the statute is broad enough to warrant it (*Dig. chap.* 127, *sec.* 40,) and the Court may, in future, find it necessary to do so.

Affirmed.

Absent, Mr. Justice SCOTT.