## DYER VS. GILL.

1. *Private Seals: Abolished by the Constitution of* 1868; *Statute of Limitations.*
   The Constitution of 1868, contained the following provision: "Private seals are hereby abolished, and hereafter no distinction shall exist between sealed and unsealed instruments concerning contracts between individuals." Its effect was to reduce all sealed instruments executed after the adoption of the Constitution to the grade of simple contracts, and a note executed under seal was, in legal effect a promissory note, and subject to the statute of limitation of five years, applicable to unsealed instruments.

2. ———: *Same; Constitution of* 1874.
   The Constitution of 1874, contained the following provision: "Until otherwise provided by law, no distinction shall exist between sealed and unsealed instruments concerning contracts between individuals, executed since the adoption of the Constitution of 1868. Provided, that the statute of limitations with regard to sealed and unsealed instruments, in force at the time, continue to apply to all instruments afterward executed, until altered or repealed." Its effect was to continue in force, subject to legislation, the provision of the Constitution of 1868, abolishing private seals, but to limit its application to instruments executed after its adoption. It also renewed the application of the statute of limitations of ten years (existing at the date of the adoption of the Constitution of 1868,) to sealed instruments executed after the adoption of that Constitution.

3. ———: *Power of the Convention to change the period of limitation.*
   The Convention of 1874, had the power to restore the application of the statute of ten years to sealed instruments executed after the adoption of the Constitution of 1868, when the instrument was not barred at the time by the limitation applicable to unsealed instruments.

APPEAL from *Conway* Circuit Court.

Hon. J. M. SMITH, Circuit Judge.

*Hallum* for appellant.

ENGLISH, CH. J.:

On the 28th of August, 1875, Andrew J. Dyer (assignee of A. B. Boggs,) sued John W. Gill, in the Circuit Court of Conway County, on the following instrument:

" $700.                    LEWISBURG, ARK., *July 1st, 1868.*

"On or before the 25th day of December, A. D. 1868, I promise to pay to A. B. Boggs the sum of seven hundred dollars, with 10 per cent. interest from January 15th, 1867, for value received of him. Witness my hand and seal, this July 1st, 1867.                    JOHN W. GILL. [L. s.]"

The complaint alleged that the defendant made a payment on the note of $500, January 1st, 1870 ; and that on the 23d of March, 1873, the note was assigned to plaintiff, for value, by Boggs, the payee. The note, with the credit, and assignment indorsed, was filed with the complaint.

The defendant pleaded that the plaintiff's cause of action did not accrue within five years next before the commencement of the suit.

The plaintiff demurred to the plea, on the ground that ten years, and not five, was the period of limitation applicable, under the statute, to the cause of action. In other words, that the instrument sued on was a writing obligatory, or contract under seal, and not a promissory note.

The court overruled the demurrer, and plaintiff's resting, final judgment was rendered for defendant, and plaintiff appealed.

Had the instrument been executed before the adoption of the Constitution of 1868, it would have been a writing obligatory, and ten years would have been the bar, under sec. 1, ch. 106, Gould's Dig.; Rose's Dig., p. 502.

The Constitution of 1868, contained this clause : "Private seals are hereby abolished, and hereafter no distinction shall exist between sealed and unsealed instruments concerning contracts between individuals," etc. Sec. 16, art. xv.

The instrument sued on was executed after the adoption of the Constitution of 1868, and was a private contract in writing

between individuals. Hence the words, " witness my  *  * seal," and the *scroll* amounted to nothing. The instrument was, and could be nothing but a promissory note, or contract in writing, not under seal, and was necessarily within the clause of the statute of limitations then, and yet in force, which declares that "Actions on promissory notes, and other instruments of writing, *not under seal*, shall be commenced within five years after the cause of action shall accrue, and not after," etc. Gould's Dig., sec. 15, ch. 106. Gantt's Dig., sec. 4125, and note.

It was impossible for the maker of the instrument to add anything to its dignity, or raise its grade, by putting his seal to it, after private seals had been abolished by the Constitution; the putting of the seal to the contract had no legal effect upon it whatever—not more than the sprinkling of sand upon it to dry the ink, after it was written.

Such would have been the law of this case, and the cause of action would have been barred by limitation when it was commenced, but for a provision of the schedule of the Constitution of 1874, which, we think, prolonged the period of limitation.

The provision is as follows: " Until otherwise provided by law, no distinction shall exist between sealed and unsealed instruments, concerning contracts between individuals, executed since the adoption of the Constitution of 1868. Provided, that the statutes of limitation with regard to sealed and unsealed instruments in force at the time, continue to apply to all instruments afterwards executed, until altered or repealed." Schedule, sec. 1.

The meaning of this clause of the Schedule, down to the proviso, is clear enough. It, in effect, continues the provision of the Constitution of 1868, abolishing private seals, in force, subject to legislation, but limits its application to instruments executed after the adoption of that Constitution, and forbids its applica-

tion to instruments previously executed ; that is, prevents it from having a retro-active effect.

So we think the meaning of the proviso is manifest, from the language employed :

" Provided, that the statutes of limitation with regard to sealed and unsealed instruments," (ten and five years—Gould's Digest, sec. 15, ch. 106,) " in force at that time," (the time of the adoption of the Constitution of 1868,) "continue to apply to all instruments afterwards executed," (executed after the adoption of the Constitution of 1868,) " until altered or repealed "—that is, until the statutes of limitation referred to shall be altered or repealed.

Thus, the convention thought proper to provide, in effect, that the statute of limitation for ten years should apply to instruments executed in the form of writings obligatory, after the adoption of the Constitution of 1868, until the statute should be altered or repealed.

The power of the convention to make this provision, so far as it does not interfere with vested rights, is not to be denied. It related to the remedy only upon contracts having the form of sealed instruments executed after the adoption of the Constitution of 1868, and put them upon the same footing, as to limitation, occupied by sealed contracts previously executed.

The instrument in suit has the form of a writing obligatory, though such was not its legal character when issued—then, in law, it was of no higher grade than a promissory note, as above shown. It was not barred by the statute of limitation of five years, when the Constitution of 1874 was adopted. There was a payment upon it, January 18th, 1870, which made a new period from which the statute ran, and five years did not transpire from that period to the time of the adoption of the present Constitution. And if the framers of the Constitution thought proper to prolong the period of limitation as to such instruments, having

the form of writings obligatory, and not then barred, their power to do so cannot be questioned; and the maker of the note has no just cause to complain. Whether if the remedy had been barred at the time of the adoption of the Constitution of 1874, it could have been revived, we have no occasion to decide in this case.

There were, perhaps, doubts among business men as to whether ten or five years was the bar to instruments executed in the form of writings obligatory, after the adoption of the Constitution of 1868, and debtors may have been indulged, in many instances, under the erroneous impression that the statute of ten, and not five years, applied, and it may be that the faamers of the Constitution of 1874 thought proper to prolong the period of limitations as to such instruments, to prevent losses by such misapprehension and indulgence.

The court below erred in overruling the demurrer to the plea of limitation of five years, and the judgment must be reversed, and the cause remanded for further proceedings.