<table>
<tr><td>68</td><td>399</td></tr>
<tr><td>f79</td><td>397</td></tr>
</table>

## LESS v. ARNDT.

### Opinion delivered November 3, 1900.

LIMITATION OF ACTION—PART PAYMENT.—Part payments credited on a note by the creditor with the debtor's knowledge and consent will stop the running of the statute of limitations. (Page 401.)

Appeal from Lawrence Circuit Court in Chancery.

RICHARD H. POWELL, Judge.

*W. E. Beloate*, for appellant.

The debt was barred by limitation. Part payment, to re-

vive a debt and toll the statute, must be made under such circumstances as can be treated as an admission of the continued existence of the debt.    65 Ark. 6; 60 Ark. 491; 20 Ark. 189; 18 Ark. 522.    The appropriation, being made by the creditor, carried no implication of such acknowledgment.    9 Ark. 459; 14 Ark. 197; 10 Ark. 643; 18 Ark. 521.    Appellant is not estopped by any acquiescence.

*Chas. Coffin* and *H. L. Ponder*, for appellee.

Appellant is estopped by acquiescence.    Bouv. Dict. "Acquiescence," p. 61;    65 Ark. 222;    11 Ark. 269;    2 Phill. Ch. 117–125.    The creditor had the right to apply the payment, in the absence of direction from the debtor.    1 Wood, Lim. § 110; 38 Ark. 295;    32 Ark. 645;    18 Ark. 525.    Appellant's conduct estops him to repudiate the application of the payment made by the creditor.    60 Ark. 498.    As to the general effect of part payment, see:    7 Gray, 275;    Wood, Lim. § 97;    9 Ark. 455.

BATTLE, J.    On the 23d day of February, 1898, H. Arndt brought this action against Ike Less on two promissory notes and an account.    One of the notes was executed by Less to Arndt for the sum of $501.61 and ten per cent. per annum interest thereon from the 28th day of March, 1892, the date of the note, until paid; and the other was executed by the. defendant to the plaintiff, on the same day, for the sum of $256.99 and ten per cent. per annum interest from date until paid.    Both of them were made payable on or before the 15th day of November, 1892.    The former was credited, on the 11th of November, 1894, with the proceeds of the sale of seven bales of cotton, amounting to the sum of $139.23; and the latter was credited, on the 9th of November, 1894, with the proceeds of six other bales of cotton, amounting to $149.53.    The account was for goods, wares and merchandise sold and delivered, and for cash advanced by the plaintiff to the defendant at divers and sundry times in the years 1893 and 1894, the total indebtedness for which amounted to the sum of $3,089.04, which was reduced by various credits to the sum of $608.88, the last credit being given in October, 1895.    The defendant

answered, and alleged that the action was not brought within five years after the right of action accrued upon the notes, and within three years after the account became due and payable, and that plaintiff was barred from maintaining the action by the three and five years' statutes of limitation. The evidence adduced at the trial shows that the defendant sold and delivered to the plaintiff thirteen bales of cotton in the month of November, 1894, and credited the defendant with the proceeds of the sale on the notes as above stated; and that defendant demanded pay for the cotton, and was informed by plaintiff that the notes were credited as stated, and that the defendant made no further objection, but acquiesced in the action of the plaintiff; and also tended to prove that plaintiff, in the month of October, 1895, collected rents which the defendant had authority to collect and use, and credited the account of the defendant with the same as of the day of the collection, and informed defendant what he had done, and that defendant did not object, but acquiesced. The court rendered judgment in favor of the plaintiff against the defendant for the balance due on the notes and account, after deducting the credits on the same. We see no error in the judgment of the court. The action was not barred by the statutes of limitation. *Chase* v. *Carney*, 60 Ark. 491.

Judgment affirmed.

BUNN, C. J., and RIDDICK, J., did not participate.