| 71    289|
|e76    143|

FINDLEY *v.* MEANS.

Opinion delivered March 14, 1903.

CONTRACT—ESCROW.—A deed, bond, note or other instrument of writing delivered to the grantee or obligee to take effect when certain conditions are performed becomes operative and binding from the time of delivery, though the conditions be not performed.

Appeal from Pope Circuit Court.

WILLIAM L. MOOSE, Judge.

Affirmed.

*R. B. Wilson,* for appellants.

The court erred in not admitting the evidence offered to prove the conditional nature of the undertaking. 9 Ark. 495; 57 Ark. 72; 22 L. R. A. 619; 1 Ill. App. 612; 5 Mo. App. 580. In any view of the case, actual compensation would be the extent of the recovery allowed. 19 Am. & Eng. Enc. Law, 410; Sedg. Dam. 492-3; 14 Ark. 316; 55 Ark. 376; 57 Ark. 168; 45 c.c. A. 343; 53 L. R. A. 122.

*U. L. Meade,* for appellee.

The court properly refused to admit parol evidence to vary or contradict the written contract. 1 Greenleaf, Ev. §§ 275, 85; 52 Ark. 65; 51 Ark. 441; 45 Ark. 59; 45 Ark. 177; 54 Ark. 195; 52 Ark. 389; 29 Ark. 544; 30 Ark. 186. The objection to the amount of the recovery was waived by failure to object in due season by motion for new trial. 43 Ark. 391; 45 Ark. 524; 55 Ark. 376. But the recovery was not excessive. 14 Ark. 315; *Id.* 330; 5 U. S. Sup. Ct. Rep. 384; 1 Sedg. Dam. 411; Suth. Dam. 475-479; Clark, Cont. 252-3.

BATTLE, J.    T. E. Means had a contract with the United States to transport the mail on route No. 47,529, from Dardanelle to Carden's Bottoms, in this state, and return, six times a week,

from October 1, 1899, to June 30, 1902, and sublet the same to W. W. Findley, as principal, and John Findley and O. R. Findley, as sureties. The Findleys having failed to perform their contract, Means brought this action against them to recover $300, the liquidated damages they stipulated to pay him on account of such nonperformance.

One of the defenses to the action was that it was expressly understood and agreed between plaintiffs and defendant that the contract sued on should not take effect and become operative until it was approved by the postmaster at Dardanelle, and that it had not been approved by him. Plaintiff recovered a judgment for the $300, and the defendants appealed.

The evidence adduced at the trial proved that the contract was delivered by appellants to appellee. There was no written stipulation that it should take effect when certain conditions were performed. Appellants offered, and the court refused to allow them, to prove that it was delivered on the condition named in their defense. It was never approved by the postmaster.

The court committed no error in refusing to admit the testimony. It has been repeatedly held by this court that a deed, bond, note or other instrument of writing delivered to the grantee or obligee to take effect when certain conditions are performed becomes operative and binding from the time of the delivery, though the conditions never be performed. *Pope* v. *Latham,* 1 Ark. 66; *Inglish* v. *Breneman,* 5 Ark. 377; *Scott* v. *State Bank,* 9 Ark. 36; *Chandler* v. *Chandler,* 21 Ark. 95; *Campbell* v. *Jones,* 52 Ark. 493.

Judgment affirmed.

HUGHES, J., dissents.