FENDLEY v. SHULTS.

Opinion delivered February 9, 1920.

1. LIMITATION OF ACTIONS—PART PAYMENT BY JOINT DEBTOR.—Part payment of a debt by a joint and several debtor before the bar of the statute of limitations attaches binds the other joint debtors.

2. SAME — PART PAYMENT BY ADMINISTRATOR OF JOINT DEBTOR.— Where one jointly indebted on a note died, and his administrator made a partial payment before the statute had run, such payment tolled the statute as to all who had signed the note, including sureties.

Appeal from Searcy Circuit Court; *J. M. Shinn,* Judge; affirmed.

STATEMENT OF FACTS.

F. D. Shults sued W. W. Fendley in the circuit court to recover on a promissory note. The note was exhibited with the complaint and is as follows:

"$500.                          October 3, 1910.

"January 1, 1911, after date we promise to pay to the order of F. D. Shults five hundred and no one-hundredths dollars at 10 per cent. interest per annum from date until paid. Value received.

"(Signed)

"Jno. R. Aday,
"J. W. Aday,
"W. W. Fendley,
"Albert Garrison."

"Endorsed on back as follows:

"June 2, 1914, paid $100."

The defendant, Fendley, in his answer states the facts to be that he signed the note sued on as surety for John R. Aday; that John R. Aday died intestate on July 12, 1912; that said note was duly probated against his estate, and that a judgment of allowance was duly rendered in favor of the plaintiff against said estate by the probate court; that the defendant was not a party to this proceeding; that the payment of $100 was made on the judgment of said probate court by the estate of John R. Aday and not upon the note as stated in plaintiff's complaint; that plaintiff had no right to credit said payment on said note and could not thereby stop the statute of limitations from running against the defendant; that said note was due January 1, 1911, and that the cause of action against the defendant was barred by the statute of limitations on January 1, 1916, before the institution of this suit.

The court sustained a demurrer to the answer and the defendant declined to plead further. The case was then submitted to the court upon the complaint, the answer and the original note. The court found that the defendant was indebted to the plaintiff in the sum of $841.66, principal and interest, and judgment was rendered accordingly. The defendant has appealed.

*Garland Keeling,* for appellant.

The suit was barred by the statute of limitations. The payment by an administrator of a sum on an un-

probated debt does not arrest the statute and form a new point of beginning. 65 Ark. 1 and cases cited; 10 Ark. 642; 7 Gray 275. The court erred in sustaining the demurrer to the third paragraph of defendant's answer.

*S. W. Woods,* for appellee.

The note was not barred. The payment was made within five years from the maturity of the note and formed a new point for the statute to commence to run. 19 Ark. 692; 5 *Id.* 551; 17 R. C. L., par. 945, sec. 308; 64 Mo. 408; 29 Mo. App. 474; 200 Mass. 599. See also 17 R. C. L., p. 942, § 305; 25 Cyc. 1383, § C; L. R. A. 1915 B, p. 1048 C. The case in 65 Ark. 1 is not in point, as the claim there had not been probated.

HART, J. (after stating the facts). In maintaining his plea of the statute of limitations the defendant relies upon the case of *Cox* v. *Phelps,* 65 Ark. 1. In that case it was held that payment by an administrator on an unprobated debt of his decedent which was secured by mortgage will not arrest the running of the statute of limitations with reference thereto if there was no order of the probate court authorizing such payment, although that court subsequently allowed the administrator credit for the payment in his settlement with the estate. That case is not an authority in the case at bar. In that case there was no authority in the administrator to make the payment. The court said that, before an administrator can pay any claim against his decedent's estate, it must be exhibited and allowed by the probate court in the manner provided by the statute. There was no order of the probate court authorizing the administrator to make the payment, and the operation of the statute of limitations could not be suspended by a payment the administrator was not authorized to make and which he could not have legally made because the debt had not been proved or allowed against the estate as provided by the statute.

In the case at bar the facts are essentially different. The claim has been duly presented, examined and allowed in the manner provided by the statute. Of course, it was

necessary to prove payment, but there could be no stronger proof of payment than the admission in the answer that the $100 had been paid by the administrator of the estate of John R. Aday,. deceased. This brings us to the question of whether such payment suspended the running of the statute of limitations against the defendant who signed the note as surety for John R. Aday. The parties who sign a note are jointly and severally liable. This court has held that the part payment of a debt by one joint and several debtor before the bar of the statute of limitations attaches will bind the other joint debtors. The reason is that payment by one is payment for all. *Trustees R. E. Bank* v. *Hartfield et al.,* 5 Ark. 551; *Hicks* v. *Lusk & Co.,* 19 Ark. 692, and *Burr* v. *Williams,* 20 Ark. 177.

In the subsequent case of *McAbee* v. *Wiley,* 92 Ark. 245, the court held that payments endorsed on a note which were admitted by the debtor to be correct, or were impliedly assented to by him, are sufficient to stop the running of the statute of limitations. The court further held that part payment made by an agent of the debtor suspends the running of the statute of limitations as effectually as if made by the debtor himself. In other words, the rule is settled in this State that a part payment of principal or interest made by one who could be compelled by law to pay the note suspends the statute of limitations, and a payment so made fixes a new point from which the statute begins to run.

In a case note to L. R. A. 1915 B, at page 1048, it is said that part payment by a personal representative having general authority to pay debts has been held sufficient to waive or toll the statute of limitations where such a representative has authority to so relieve from the statutory bar, and in support of the rule the following cases are cited: *Semmes* v. *Magruder,* 10 Md. 242; *Foster* v. *Starkey,* 12 Cush. (Mass.) 325; *Fisher* v. *Metcalf,* 7 Allen (Mass.) 209, and *McLaren* v. *McMartin,* 36 N. Y. 88. We think this holding is in accord with the reasoning of our decisions bearing on the question. In the case at bar

the note was a subsisting one at the death of John R. Aday. His administrator was bound to pay it after it had been legally exhibited and allowed. The administrator was the legal representative of his decedent, and payment by him after the claim had been allowed against his decedent's estate was a payment for all who had signed the note. The payment having been made before the statute of limitations had run, the payment by the administrator tolled the statute as to all the parties who had signed the note.

It follows that the judgment must be affirmed.