SMITH *v.* GRIMSLEY.

4-8871                                             220 S. W. 2d 428

Opinion delivered May 9, 1949.

Rehearing denied June 6, 1949.

---

*Smith & Smith*, for appellant.

*Jeff Duty*, for appellee.

Ed. F. McFaddin, Justice. On February 2, 1940, W. W. Smith and N. E. Smith, his wife, for money borrowed, executed to J. T. Grimsley their joint and several promissory note for $477.50 *due one day after date*. The present suit, for recovery on said note, was filed by Grimsley on April 1, 1947. Chancery jurisdiction was because of equitable garnishment. W. W. Smith died after the suit was filed, and his administrator was a party in the lower court. N. E. Smith (the only appellant here) pleaded the statute of limitations as one of her defenses. The Chancery Court found against her on this plea, and the correctness of that finding is the sole question on this appeal.

At the outset we state certain general rules:

1. The statute of limitations applicable to a promissory note is five years after maturity, as fixed by § 8933, Pope's Digest, and § 37-209 of Ark. Stats. of 1947. Part payment, before the bar attaches, forms a new point from which the statute will begin to run. Less v. Arndt, 68 Ark. 399, 59 S. W. 763. See, also, other cases collected in the note following § 37-218 of Ark. Stats. of 1947.

2. Part payment of a debt by one joint and several debtor *before the bar of the statute of limitations will* bind the other debtor. Fendley v. Shults, 142 Ark. 180, 218 S. W. 197.

3. Part payment by one of the joint and several debtors *after the note is barred* does not revive the debt as to the co-debtor, who has made no such payment. Slagle v. Box, 124 Ark. 43, 186 S. W. 299.

4. When the statute of limitations is pleaded by the defendant, and a part payment is relied on by the plaintiff to interrupt the statute of limitations, then the burden is on the plaintiff to prove that part payment was made at such time as would interrupt the running of the statute. Taylor v. White, 182 Ark. 433, 31 S. W. 2d 745.

5. When part payment is pleaded to interrupt the running of the statute, then the person so pleading must show the part payment to have been made *in fact* at a time that would interrupt the statute. Mere endorsement of the payment on the note is not sufficient proof. Johnson v. Spangler, 176 Ark. 328, 2 S. W. 2d 1089, 59 A. L. R. 899; Bank of Mulberry v. Sprague, 185 Ark. 410, 47 S. W. 2d 601.

The application of the five foregoing and well-established rules necessitates a reversal of the decree in the present case, because the date of the alleged partial payment was never shown by any proof. Only two witnesses testified regarding such part payment. One was the plaintiff, J. T. Grimsley; and the following is his entire testimony on this point: "Q. What is the date of the note? A. February 2, 1940. Q. Has this note been paid? A. No, sir. Q. Has Mrs. N. E. Smith paid anything? A. No, sir. Q. How much was ever paid on this note to you? A. One dollar to renew the note. Q. I believe you said this defendant, Mrs. Smith, never paid anything? A. Mrs. Smith never paid anything, but Mr. Smith did."

The note was introduced in evidence, and it bore this notation on the reverse side: "November 2, 1944, paid $1.00 on note to renew." It must be remembered that J. T. Grimsley never testified that the payment was made

on November 2, 1944. All that his testimony shows is that W. W. Smith paid $1.00 "to renew." The date of the payment was never stated by this witness.

The only other witness testifying as to the part payment was Mr. Lindsey. He said, as to a conversation he had with W. W. Smith: "Q. You say you had a conversation with him about this note? A. Yes, sir. Q. State whether or not he told you that he had made a payment on the note? A. Yes, a dollar on it. . . ."

Even if Mr. Lindsey's testimony was competent (a matter not necessary to be decided), still Mr. Lindsey did not attempt to fix the date of the payment on the note. So there is no testimony to show the date that the alleged payment was made.

In order to hold the appellant, N. E. Smith, liable on the note as against her plea of limitations, the burden was on appellee, Grimsley, to show that the payment was made before February 3, 1945. This burden was not discharged; so we necessarily hold that the appellee failed to overcome the plea of limitations. The decree of the Chancery Court is reversed, and the cause is remanded with directions (a) to release the impounded funds and (b) to enter a decree in accordance with this opinion.