**Lloyd G. HOBBS, Appellant,**

v.

**Thomas H. HAJECATE et al., Appellees.**

**No. 11145.**

Court of Civil Appeals of Texas.

Austin.

Jan. 8, 1964.

Rehearing Denied Jan. 22, 1964.

Franklin Wilder, Fort Smith, Ark., Butler, Binion, Rice & Cook, Tom Alexander, Houston, for appellant.

R. Shearn Smith, L. L. Warner, Houston, for appellees.

ARCHER, Chief Justice.

This was an action by appellant, an accommodation endorser, to recover money based upon a written promissory note, payable to the 1st National Bank of Ft. Smith, Arkansas, executed jointly and severally by appellees in Arkansas to be wholly performed in Arkansas. Appellees defaulted. Appellant was required to pay and was forced to bring this suit in Texas in order for the court to acquire jurisdiction over the defendants. The trial court granted appellees' motion for summary judgment on the pleadings, holding the action barred by Art. 5527, Vernon's Ann.Tex.St., the Texas four year Limitation Statute. Appellant's Motion for summary judgment was overruled.

This appeal is based on the error of the trial court in granting appellees' motion for summary judgment.

This action was on a promissory note brought against appellees as alleged co-

makers by appellant as an allied endorser in the District Court of Harris County, Texas, on January 4, 1963.

An allegation was made that the last payment on the note was made on February 8, 1958.

Appellees moved for a summary judgment on the pleadings and the court granted the motion holding that the cause of action was barred by the Limitation Statute of Texas as shown by the petition on its face.

Appellees plead limitations as a bar and general denial.

Appellant filed his affidavit in opposition that part payment of a note by one joint and several debtor before action on the note is barred by limitations has the effect under the laws of Arkansas of preventing action on the note from being barred for a period of 5 years and moved the court to take judicial notice of the laws of Arkansas. Rule 184a Texas Rules of Civil Procedure.

Appellant's position is that when the note was endorsed to him on April 30, 1958, the partial payment of February 8, 1958, was shown on the note and he took the note with the right to withhold demand for any period of time up to February 7, 1963, under the laws of Arkansas, which has a statutory period of five years. Sec. 37–209, Ark.Stats. of 1947 and cites Smith v. Grimsley, 215 Ark. 279, 220 S.W.2d 428, S. Ct. of Ark.

Appellant asserts that where part payment is made in a foreign State on a debt incurred there, the effect of that payment is to be determined by the laws of the foreign State though suit is brought in another State and cites Butler v. Merchants National Bank of Mobile, Tex.Civ.App., 325 S.W.2d 229, no writ history.

■ Matters of remedy and procedure are governed by the laws of the State where the action is sought to be maintained. Home Ins. Co. v. Dick, Tex.Com.App., 15 S.W.2d 1028, reversed on other grounds, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926, Art. 5527, V.A.C.S.; The Continental Supply Co. v. Hutchings, Tex.Civ.App., 267 S.W.2d 914, er. ref.

The Butler case, supra, is distinguished from this case and from the Continental Supply Co., case supra, because in the Butler case there was not a lapse of four years from the date of the last alleged part-payment and the date that suit was filed but in the Continental Supply Co. case and in the instant case there had been more than four years lapse between the date of the last alleged part-payment and the date the suit was filed.

■ We believe the Court was justified in granting the summary judgment.

The judgment of the trial court is affirmed.

Affirmed.