**Clifton C. CULPEPPER, Appellant,**

v.

**DANIEL INDUSTRIES, INC., Appellee.**

**No. 16185.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Oct. 11, 1973.

Rehearing Denied Nov. 8, 1973.

————◆————

Tom Alexander, Lance C. Winchester, Houston; Butler, Binion, Rice, Cook & Knapp, Houston, of counsel, for appellant.

William R. Powell, Houston; Funderburk & Bates, Kronzer, Abraham & Watkins, Houston, of counsel, for appellee.

EVANS, Justice.

This personal injury case was filed in Texas in December, 1967, within two years following a valve explosion accident which occurred in the State of Louisiana. Summary judgment was granted by the trial court upon appellee's motion that the action was barred by appellant's failure to institute suit within the one year period prescribed by the applicable Louisiana statute of limitation. We reverse the judgment and remand the cause for further proceedings.

Article 4678, Vernon's Texas Annotated Civil Statutes, as applicable here, provides that when death or personal injury is caused by wrongful act, neglect or default of another in a foreign state "for which a right to maintain an action and recover damages" is given by such foreign state, such right of action may be enforced in this State within the time prescribed for the commencement of such actions by the statutes of this State. This article further provides that Texas law will control "in all matters pertaining to procedure." In this State the two year statute of limitation is, of course, applicable to personal injury actions. Article 5526, Vernon's Annotated Civil Statutes.

The basic question here is whether this is a matter of substantive right, controlled by the laws of Louisiana, or whether it is a matter of remedy and of procedure, governed by the laws of Texas. Hobbs v. Hajecate, 374 S.W.2d 351 (Tex.Civ.App.— Austin 1964, writ ref.); California Department of Mental Hygiene v. Copus, 309 S. W.2d 227 (Tex.Sup.1958). More specifi-cally, the question is whether at the time this suit was filed, appellant had a substantive right under Louisiana law to maintain this action. Francis v. Herrin Transportation Co., 432 S.W.2d 710 (Tex.Sup.1968).

Article 2315 West's La.Civ.Code, creates a statutory cause of action for damages as the result of injury caused by the fault of another. Article 3536 West's La.Civ.Code provides for a one year limitation for the bringing of such actions in the State of Louisiana. This article has been held to be prescriptive, and therefore is procedural; it bars the remedy but does not extin-

guish the right. See Page v. Cameron Iron Works, 259 F.2d 420 (5th Cir. 1959); Huson v. Otis Engineering Corporation, 430 F.2d 27 (5th Cir. 1970); Istre v. Diamond M. Drilling Co., 226 So.2d 779 (3rd Cir. La.App.1969).

In Francis v. Herrin Transportation Co., supra, a wrongful death action was held a substantive right of action under the peremptive provisions of Article 2315 West's La.Civ.Code, because the very statute which created that right of action also incorporated an express limitation upon the time within which the suit could be brought. Therefore, at the end of such statutory peremption, no right of action for wrongful death could be maintained even though the law of the forum provided a longer period of limitation. The Francis case is distinguishable from the instant case in that Article 2315, the creating statute, provides no similar statutory peremption period for the institution of actions for recovery of damages for personal injury. See also State of California v. Copus, supra; 95 A.L.R.2d 710; Huson v. Otis Engineering Corporation, supra.

We hold that at the lapse of the statutory one year period provided by Article 3536 of West's La.Civ.Code, there was not a complete extinguishment of the right of appellant to maintain his action in Texas pursuant to the provisions of Article 4678, V.A.T.S.

The judgment of the trial court is reversed and the cause is ordered remanded for further proceedings.