## BALDWIN vs. CROSS.

Our statute of limitations took effect 20th March, 1839, previous to which, there was no limitation to an action on a foreign judgment.

The operation of the act is the same upon demands existing at the time of its passage, as it would be upon those accruing on the day of its taking effect.

All demands existing when the act went into force, must be sued for within the time limited, or they will be barred.

The statute creates a new rule—and the essence of a new rule is, its application to future cases arising under it.

The general rule is, that no statute is to have a retrospective operation beyond its commencement.

No statute can be construed retrospectively when it takes away subsisting vested rights —it cannot cut off all remedy, and deprive a party of his right of action.

Our statute applies to actions or causes of action accruing or existing subsequent to their taking effect.

The rule relates to future contracts, which would be barred by its provisions—or to existing demands, as if they had accrued at the time the statute commenced its operation.

Demurrer to a plea, relates back to the declaration.

An action on a judgment of another State brought within five years, after the taking effect of our act of limitation, is not barred.

THIS was an action of debt determined in the *Hempstead* circuit court, in May, 1844, before the Hon. JOHN FIELD, one of the circuit judges. Baldwin, as administrator of Peter Simmerman, sued Edward Cross, on the 15th day of June, 1843, on two judgments rendered in favor of Peter and John Simmerman, in the State of Kentucky, against Cross, in April, 1822. The defendant pleaded, 1st, that the cause of action did not accrue to intestate or administrator within five years before bringing the suit. 2d, Payment. 3d, Motion to strike out first plea. Motion overruled, and demurrer to first plea, assigning several causes, of which one was that it offered no material or substantial issue. Demurrer overruled and judgment for defendant.

*Pike & Baldwin*, for plaintiff. The plea of the statute of limitations was filed under *sec.* 11 *of chap.* XCI. of the Revised Statutes, which enacts that all actions not included in former sections, shall be commenced "within five years after the cause of action shall have accrued." This section was put in force in March, 1839, consequently five years had not passed from its taking effect until the bringing of this suit. Before it passed there was no statute in this State which included foreign judgments. The statute is no plea in this case. The effect of it upon demands existing at the time of its going into

Baldwin *vs.* Cross.

operation is the same as upon demands accruing on the day it took effect; that is, all demands then existing must be sued for within the time limited, or they will be barred. *The people vs. Supervisors of Columbia,* 10 *Wend.* 363.

A statute of limitations, like any other statute, is not to have a retrospect beyond the term of its commencement. It may have such retrospect, but not so as to take away a right of action, which the plaintiff was entitled to before the time of its commencement. The statute in question creates a new rule, and the essence of a new rule is that it forms a law for future cases. It applies to old cases, but not till the expiration of the fixed time from and after it takes effect. *Sayre vs. Wisner,* 8 *Wend.* 661. *Fairbanks vs. Wood,* 17 *Wend.* 330. *Eakin vs. Ramb,* 12 *Serg. & R.* 330. *Hawkins vs. Hensley,* 4 *Ark.* 167.

By the decision of the court below, the statute cut off the right of action at once. There was not an instant of time after it passed, in which this action could have been brought. If it was meant to have this effect, it would be unconstitutional. *Erwin vs. Causin,* per Justice DANIEL and JOHNSON, J., U. S. C. C. for Arkansas, April term, 1844.

*Trapnall & Cocke,* contra. It is provided by the 6*th sec. of Lims. Rev. Code,* 527, "That all actions of debt shall be commenced in three years, *except* those brought on the judgment or decree of some court of record of the United States, of this or some other State." The 11*th sec.* provides, "that *all other actions* shall be commenced within five years after the cause of action shall have accrued." By the 6*th sec.* actions of debt on judgments are excepted expressly from the limitation of three years, but they are certainly comprehended within the general terms of the 11*th sec.,* and these terms will be taken in their most unlimited sense, as there is no other portion of the statute bearing on this subject, or that would confine their operation to any particular class of cases, or that would, by the most liberal interpretation, justify an exception from them. Indeed the exception from the limitation of three years in the 6*th sec.* affords a most irresistible implication that they were designed to be embraced within the limitation of five years made in the 11*th sec.*

Baldwin *vs.* Cross.

*By the Court,* LACY, J. The court below should have sustained the demurrer to the defendant's plea of the statute of limitations. This is an action of debt upon a foreign judgment, and five years have not elapsed since the limitation accrued. The statute of limitations took effect on the 20th of March, 1839, and this suit was brought upon the 15th of June, 1843. Prior to the passage of this act there was no statute in force in the territorial government as to limitations upon foreign judgments. The operation of the act upon demands existing at the time of its passage is the same as it would be upon those accruing upon the day it took effect. All demands existing when the act went into operation must be sued for within the time prescribed, or they will be barred.

The statute creates a new rule upon the subject; and the essence of a new rule is its application to future cases that may arise under it. In *The people vs. The Supervisors of the Colombia College,* 10 *Wend.* 365, the court said the statute, of limitations, like all other acts, are prospective, and so ought to be construed unless otherwise expressed, or that they cannot have the intended operation by any other than a retrospective construction. The general rule is, that no statute is to have a retrospective operation beyond its commencement. *Sayre vs. Wisner,* 8 *Wend.* 663. And in *Dash vs. Van Kleek,* 7 *J. R.*, it is held that no statute can be construed retrospectively when it takes away subsisting vested rights. It cannot cut off all remedy, and deprive a party of his right of action. Our Revised Statutes apply to limitations of actions or causes of action accruing or existing subsequent to their taking effect. The rule relates to future contracts which would be barred according to its provisions, or to existing demands as if they had accrued at the time the statute commenced its operation. The demurrer to the plea relates back to the declaration, and the record shows that five years have not elapsed since the passage of the act of limitations. Judgment reversed.