HILL v. GREGORY.

Opinion delivered October 16, 1897.

STATUTE OF LIMITATIONS AS TO MORTGAGES—CONSTRUCTION.—Section 5094, Sand. & H. Dig., provides that "in suits to foreclose or enforce mortgages or deeds of trust it shall be sufficient defense that they have not been brought within the period of limitation prescribed by law for a suit

on the debt or liability for the security of which they were given."
Section 5095, *id.*, provides that in all cases in existing mortgages where
the debt or liability would be barred in less than one year from the date
of the act, one year from the passage of the act should be allowed to
bring an action to enforce the mortgage. *Held,* (1) That the act is
not unconstitutional as impairing the obligation of contracts;· (2) that
the act applies to mortgages with power of sale and deeds of trust when
sought to be foreclosed by trustee's sale; (3) that when it affirmatively
appears from the face of the mortgage that the debt is barred, and there
are no marginal entries on the mortgage record to take the debt out of
the operation of the statute, the right to foreclose is also barred, as
against third persons, though payments have been made. (Page 320.)

Appeal from Woodruff Circuit Court.

H. N. HUTTON, Judge.

*M. T. Sanders,* for appellant.

The provision of the statute of 1889 that the same limi-
tation should apply to mortgages and the debts they secured
does not affect a mortgage with power of sale, when sought to
be enforced by trustee's sale, given before the passage of the
act. 43 Ark. 469; *id.* 504; 47 Ark. 515. This would be to
impair the obligation of subsisting contracts. 40 Ark. 423;
47 Ark. 515; 2 Jones, Mortgages, § 423; Cooley, Const. Lim.
433; 40 Pa. St. 327; 44 Pa. St. 313; 84 Pa. St. 437; 46 *id.*
127; 9 Cal. 81; 30 N. W. 458; 13 S. E. 664; 18 S. C. 481;
22 *id.* 504; 18 Grat. 244; 26 S. W. 497; 6 Wheat. 407.
The mortgage is kept alive, as between the parties, although
payments relied on to take it out of statute are not indorsed
on margin of record.

*Rose, Hemingway & Rose,* and *P. R. Andrews* and *N. W.
Norton,* for appellee.

The statute of limitations may be set up as a defense to a
mortgage by a subsequent purchaser. Jones, Mort., § 214, a
& b. The mortgage is barred when the note which it secures
is barred. Sand. & H. Dig., §§ 5094 and 5095. The statute
applies to mortgages with power of sale. 22 Ark. 104; 49
Ark. 249; 52 Ark. 296. The statute was not unconstitu-
tional. 16 Ark. 640; 39 S. W. 1046.

BUNN, C. J. One W. A. Chaney executed his promissory
note and deed of trust, with power of sale, to secure said note

to one W. R. Spivey, on the 19th day of January, 1885, said note being due and payable on the 15th day of November, 1885. On the 21st day of February, 1885, said W. A. Chaney executed and delivered his other promissory note to Nathan Gregory, due and payable on the 15th of November, 1885, and to secure the same executed and delivered to E. G. Thompson, as trustee, his deed of trust, in which, for the purpose aforesaid, the same property was conveyed as in the deed of trust or mortgage given to W. R. Spivey aforesaid. The mortgage was duly filed for record in the recorder's office of Woodruff county, where the property is situate, on the 23d of January, 1885, and the deed of trust presumably was filed for record on the day of its execution. Spivey transferred the note and mortgage to one R. N. Moreland on July 8, 1893, and the latter, in pursuance of the power contained in the mortgage, sold the property therein conveyed to satisfy said note, the balance then due and unpaid being $600; and at this sale the appellant, Frank P. Hill, became the purchaser, and received his deed accordingly, and was put into possession in due time, to-wit: January 13, 1894, and was in possession at the institution of this suit. His said deed was duly filed for record on the 24th of January, 1894.

The appellee, as the administrator of the estate of Nathan Gregory, then deceased, instituted his suit to foreclose his said deed of trust, and decree was entered, on failure of defendant Chaney to answer, on the 21st of August, 1893, and one Ed Roddy was appointed commissioner to sell and make deeds to the property condemned, who accordingly sold to the appellee, Minor Gregory, as administrator of said estate, and executed and delivered to him his deed, date February 24, 1894.

Thereafter the appellee, Minor Gregory, administrator aforesaid, upon his said deed brought his suit against appellant, Frank P. Hill, on the 29th of January, 1895, in the Woodruff circuit court, to recover the lands involved. Hill answered, making an exhibit of his deed.

Presumably the foreclosure suit of Gregory was not barred by the statute, as no contention on that score is shown in the record. On the mortgage note of Spivey, however, two payments have been made after its maturity,—one of $500 on November 4, 1887, and another of $54.80 on October 3, 1890,—

neither of which seems to have been indorsed upon the margin of the record of the mortgage, as the law requires. Such indorsement of the $54.80 payment would have taken the case out of the limitation of the statute, but that not having been noted on the record gives rise to the only question in this case, since that defect was the ground of exception to defendant's deed. The court sustained the exception, in effect, and the defendant elected to stand on his deed and the agreed statement of facts, excepted to the ruling of the court, and after judgment filed his motion for new trial, to-wit: (1) The court erred in its finding of facts. (2) The court erred in finding that the rights of the plaintiff or of the said beneficiary, Nathan Gregory, were affected or impaired by the failure of said mortgagee, W. R. Spivey, to indorse the said payment on the said mortgage indebtedness made October 23 1890, on the margin of the record of said instrument. (3) The court erred in declaring the law to be that the right of the plaintiff, or said beneficiary, Nathan Gregory, were affected by the failure of said mortgagee, Spivey, to endorse the said payment, made October 3, 1890, on the record as required by law. (4) The court erred in its conclusions of law. The motion for new trial was overruled, exceptions taken and reserved, and defendant appealed.

The only question involved is the construction of the act approved March 23, 1889, entitled "An act to limit the time for bringing suit on mortgages" (pp. 73, 74, Acts 1889); and in argument the particular contention of appellant is mainly that his contractual rights under the mortgage can not be affected by the act of the legislature, since it would impair the obligation of contracts. He contends that while an act of limitation usually affects the remedy only, yet that, in cases like this, where the remedy is in so far a part of the substantive right, it will bring the act under the constitutional inhibition.

The statute in question is an act of limitation upon the the rights of foreclosure of the mortgage, in effect making the mortgage subject to the same limitation as to time as is applicable to the evidence of the debt secured by the mortgage; and, further, the statute is applicable to mortgages with power of sale and deeds of trust, when sought to be foreclosed by trustee's sale; and, furthermore, when it appears affirmatively from

the face of the mortgage that the debt is barred, and there are no marginal entries to take the debt out of the operation of the statute of limitation, the right to foreclose is then also barred, as against third parties. We do not decide that a third party may or may not, under circumstances, estop himself from relying upon the benefits of the statute, but leave that as an open question.

In *Sadler* v. *Sadler*, 16 Ark. 628, this court said: "The power of the legislature to pass laws limiting the time in which actions shall be brought, and controversies about the title to property shall be at repose, so that all existing remedies be not cut off *eo instanti*, is now too well established to admit of question." And in *Erwin* v. *Turner*, 6 'Ark. 14, *State Bank* v. *Morris*, 13 Ark. 291, and *Pryor* v. *Rayburn*, 16 Ark. 487, this court said: "When the legislature makes no exceptions in the statute of limitations, the court can make none, whatever be the hardship in individual cases." And again: "The constitutional convention· of 1874 had the power to restore the application of the statutes of ten years to sealed instruments executed after the adoption of the constitution of 1868 (which abolished private seals), when the instrument was not barred at the time by the limitation applicable to unsealed instruments." *Dyer* v. *Gill*, 32 Ark. 410. This is sufficient to show that limitations are treated as part of the remedial law, with the only qualification that the legislature cannot cut off all remedy by way of imposing limitations upon procedure, but may extend (in certain cases) the time in which to bring suits when the right has not been lost, and may shorten the time, provided a reasonable time is still given to bring suit.

We think that the provisions of the statute in question are not unreasonable; and, as we find no exception in the act in favor of any class of creditors, we cannot do otherwise than affirm the judgment in this case, which is accordingly done.