Coco *v.* Miller.

4-4619

Opinion delivered April 19, 1937.

*W. G. Dinning,* for appellant.

*John C. Sheffield* and *C. L. Polk, Jr.,* for appellee.

Butler, J.   On May 1, 1925, appellee's intestate, by deed of that date conveyed certain real property to Josephine Coco for a consideration of $4,000, of which the sum of $750 was paid in cash, and the balance evidenced by six promissory notes maturing on the first days of May, 1926, to 1931, both inclusive. In the deed, a special vendor's lien was retained to secure the payment of the balance of the purchase price evidenced by the notes, and, to further secure them, the said Josephine

Coco executed a deed of trust on the same date covering the lands purchased and described in the deed.

On January 19, 1933, the said Josephine Coco, being indebted to the appellant, Sam St. Columbia, in a sum evidenced by a series of promissory notes, for the purpose of securing their payment, executed her deed of trust conveying the property purchased from appellee's intestate.

The deed and the two deeds of trust above mentioned were duly filed for record on or about the dates of their execution and are now properly recorded. Some of the notes secured by deed of trust executed to appellee's intestate were paid and the interest on the remaining notes was paid over a period from May 10, 1928, to March 15, 1936, such interest payments being made each year between March 15th and May 10. The last payment prior to February 15, 1935, was made on May 20, 1934. Subsequent to that date, one other payment was made on October 9, 1935, which was followed by three other payments in that year, and three in the year, 1936. None of these payments, however, was indorsed upon the margin of the record of the deed or deed of trust.

On July 5, 1936, appellee instituted suit to recover judgment for the remainder of the indebtedness due and for foreclosure of the lien. Joined with Josephine Coco as defendants were the Interstate Grocery Company, her judgment creditor, and Sam St. Columbia for the purpose of having their several liens adjudged inferior to that of appellee. A *lis pendens* notice was filed and Sam St. Columbia answered defending on the ground that the action was barred as to him because of failure to indorse the payments on the margin of the record as required by § 7408, Crawford & Moses' Digest, as amended by act No. 36 of the Acts of 1935.

The facts in the case were agreed to, and, upon a consideration of these, the trial court found in favor of appellee, from which decree this appeal is prosecuted.

The statute involved was approved May 10, 1911, and provides, among other things, that, where a payment is made upon an existing indebtedness secured by mort-

gages or deeds of trust, and before the same is barred by the statute of limitation, such payment shall not operate to revive the debt or extend the operation of the statute of limitation as to it, so far as the same affects third parties, unless there shall have been indorsed, by the mortgagee, trustee or beneficiary, prior to the expiration of the period of the statute, a memorandum of such payment with the date thereof on the margin of the record where the instrument is recorded. Act No. 36, *supra,* re-enacted § 7408, and amended it so as to require the indorsement of payments upon a deed retaining a vendor's lien. Prior to the enactment of the act, *supra,* the statute (§ 7408) had no application to the enforcement of vendor's liens. In the case of *Elk Horn Bank & Trust Co.* v. *Spraggins,* 182 Ark. 27, 30 S. W. (2d) 858, it was held, quoting headnote: "The statute providing for a period of limitation for enforcement of mortgages does not affect holders of vendor's lien * * *." Act No. 36 was approved February 15, 1935, and became immediately operative by virtue of the emergency clause, but before the passage of that act a payment had been made which tolled the statute and served to revive the debt for a further period of five years. That payment was made May 20, 1934. Therefore, at the time of the passage of act No. 36, the debt was a valid and subsisting one which would not be barred as to the vendor's lien until five years after said date, but for act No. 36, *supra.*

Appellants are uncertain whether suit was brought to enforce the vendor's lien or to foreclose on the deed of trust. It appears from the decree that both instruments were introduced and appellee might well have brought suit on either, or on both. However, when the complaint is considered in connection with the instrument exhibited as a basis for the action, it is apparent that the suit was in fact brought to foreclose the vendor's lien, for it was the instrument reserving said lien which was exhibited and made a part of the complaint although it seems to have been erroneously headed, "Copy of Deed of Trust."

Clearly, before the passage of act No. 36, appellants would have had no defense to this action, it being one to foreclose a vendor's lien. If this was an action upon the deed of trust, the cases of *Beith* v. *McKenzie*, 191 Ark. 353, 86 S. W. (2d) 176, and *Johnson* v. *Lowman, ante,* p. 8, 97 S. W. (2d) 86, cited by appellants, would be in point. However, as before observed, that is not the character of this lawsuit. In arguing the effect of act No. 36, it seems to be the appellants' contention that the act would have a retroactive effect and bar the vendor's lien unless the owner thereof had, within twelve months after its passage, brought suit to foreclose the lien or made the indorsement of the payments upon the record, and that, having failed to do either, the action was barred when the suit was brought on a date beyond the twelve months after the passage of act No. 36. This contention appears to be based upon the provision of § 2 of act No. 58 of the Acts of 1889. That act, except for § 2, and act No. 260 of the Acts of 1911, now § 7408 of Crawford & Moses' Digest, except for a second proviso, are identical. Section 2 of the act of 1889 allows one year from date of passage of the act to bring an action to enforce the mortgage where the debt would be barred by the terms of the act, or where it exists, and would be barred in less than one year from the date of the act. It is appellants' view that this act was continued by later acts dealing with the same subject, and the provision for bringing suit still exists and must be complied with. The rule relied on is that stated in 25 R. C. L. 907, as follows: "When a statute continues a former statute law, the law common to both acts dates from its first adoption, and only such provisions of the old act as are left out of the new one are gone, and only new provisions are new laws. Where an act is amended 'so as to read as follows': 'The part of the original act which remains unchanged is considered as having continued in force as the law from the time of its original enactment, and the new portion as having become the law only at the time of the amendment'." We think the rule has no application for the reason that the act of 1889 was not continued by subsequent acts. The

act of 1911, now § 7408 of Crawford & Moses' Digest, covered the entire subject-matter of the former act and worked an implied repeal thereof.

By § 2 of act 36, *supra,* there is language which might be construed to give a retroactive effect to the act, but on the payment made in May, 1934, the period in which limitation would attach, was extended for a period of five years and became a vested right, and if § 2 is construed as giving to the act a retroactive effect that section must fall because rights conferred by statute are determined according to statutes which were in force when the rights accrued and are not affected by subsequent legislation. The Legislature has no power to divest legal or equitable rights previously vested. *Beavers* v. *Myar,* 68 Ark. 333, 58 S. W. 40; *Tipton* v. *Smythe,* 78 Ark. 392, 94 S. W. 678, 7 L. R. A. (N. S.) 714, 115 Am. St. Rep. 44, 8 Ann. Cas. 521. Act No. 36, *supra,* fails to provide any time in which to commence suit before the bar of limitation takes effect, and, under the general rule, the presumption is against any intent on the part of the Legislature to make the statute retroactive. In *Tipton* v. *Smythe, supra,* the court, in dealing with the power of Legislature to prescribe a period of limitation or to shorten a period already existing, stated that the law must be so framed as to afford ample opportunity for the assertion of existing rights; otherwise, the effect would be to impair the obligation of contract or to deprive one of property without due process of law.

We, therefore, construe the law to be prospective in its operation as held by this court in construing the act of May 10, 1911, in *Rhodes* v. *Cannon,* 112 Ark. 6, 164 S. W. 752. When thus construed, effect is given to the entire act, and appellee's debt remains valid and subsisting for a full five years subsequent to the payment made before the passage of the act of February 15, 1935; but, in order for further payments to further toll the statute, memorandum thereof must be indorsed upon the record in the manner prescribed by that act.

It follows that the decree of the trial court is correct, and it is accordingly affirmed.