HUDSON *v*. HUDSON.

4-9536                                    242 S. W. 2d 154

Opinion delivered July 2, 1951.

Rehearing denied October 8, 1951.

*G. T. Sullins, Rex W. Perkins,* and *E. J. Ball,* for appellant.

*C. D. Atkinson* and *Chas. W. Atkinson,* for appellee.

ROBINSON, J. This action arises out of an effort to probate the will of Betty A. Kessel who died in the year 1935, leaving, as surviving heirs, two daughters and three sons, Ida Wages, Ada Wages, Ed Hudson, Loyd Hudson, and Ona Hudson; also, four children of a deceased son, Arthur Hudson. Mrs. Kessel left a will, the provisions of which made her son, Ona, the principal devisee.

It appears that Ona and his brother, Loyd, had always lived at home with their mother. Mrs. Kessel had no income but owned her home. Ona, who was disabled to some extent, and Loyd took care of their mother, providing the necessaries of life, including the employment of a woman who did the housework, cooking, etc. The other sons and daughters of Mrs. Kessel had homes of

their own. Immediately following his mother's death, Ona left the State and did not return for about 14 years.

Loyd Hudson placed the will, along with other papers, in a lockbox at the home, where it remained until after Ona's return to the State. No administration was had on the estate of Mrs. Kessel nor was the will filed for probate until the 26th day of May, 1950. The judgment of the Probate Court was that the will should not be admitted to probate. Ona, who is seeking to probate the will, appealed to this Court.

Loyd testified that it was understood by the brothers and sisters present the night of their mother's death that Ona should have the property as Ona and Loyd had stayed at their home and taken care of their mother. Loyd paid the funeral expenses by monthly payments over a period of several months without any help from his brothers and sisters. Loyd, who is not contesting the will, testified that it was his desire that Ona get the property. Ed Hudson, one of the contestants, testified:

"Q. You didn't expect anything?

"A. No—we had an understanding way back there that Ona and Loyd would get all of it for taking care of mother, and mother said she never did want any lawsuit over the property so that is the end of that."

In September, 1949, Loyd sold a portion of the property for the consideration of $1,100. Ada, Edward, Loyd, Ida, Ona, and also Josie Hudson and Jewell Hudson, signed the deed. Loyd turned the money over to Ona. On the 7th day of March, 1950, the contestants in the case at bar filed suit in the Chancery Court asking, among other things, that Loyd and Ona be required to account for the proceeds of the sale. On the 26th day of May, 1950, Ona filed his mother's will for probate. The genuineness of the will is not questioned. The Probate Court held that the will "is not entitled to probate and the petition of the said Ona Hudson should be dismissed."

To sustain the judgment of the Probate Court the appellees argue, first, that the transcript of the record filed in this Court by the appellant is not complete;

214

second, the will is barred by the statute of limitations; third, estoppel or laches. Appellees filed as an exhibit to the motion to dismiss for failure to comply with Rule 9 six pages of what is contended should be a part of the transcript. The transcript filed in this Court by appellant is certified by the court reporter as a true, correct and verbatim transcription of all the evidence introduced by either party. The transcript also contains the judgment of the Probate Court, signed by the probate judge. The exhibit filed by appellees contains a certificate of the court reporter to the effect that the matter contained therein was inadvertently left out of the transcript. The matter contained in the exhibit is not such as would change the outcome of the case even if it appeared in the transcript as a part of the record. Before the exhibit could be considered in determining whether appellant has complied with Rule 9, the record itself would have to be corrected. Applications for correction of a record, with exceptions not pertinent here, must first be addressed to the trial court. In the case of *Gill* v. *Burks,* 207 Ark. 329, 180 S. W. 2d 578, this Court said:

"Because affidavits and certificates which are outside of the record, even though made by trial judges, cannot be considered on appeal (*Hardie* v. *Bissell,* 80 Ark. 74, 94 S. W. 611), and because under our practice, in the absence of an agreement by the parties, applications for correction of a record must be first addressed to the trial court from which such record proceeded, [citing cases], we overruled appellee's motion to correct the record without prejudice to his right to make application to the trial court. Nothing has been subsequently filed here disclosing that the trial court has taken any action in the matter, and we must, therefore, accept as conclusive matters which are, and wholly disregard matters which are not, properly incorporated in the original transcript filed in this appeal."

Likewise, in the case at bar, nothing has been filed here showing that the trial court has taken any action in the matter or that it has been presented to the trial court.

Appellees cite *Whatley* v. *Whatley,* 205 Ark. 748, 170 S. W. 2d 600, as authority for their contention that where all of the testimony heard by the Chancellor is not brought into the record, the Court presumes that the evidence was sufficient to support the finding. The distinction between the Whatley case and the case at bar, is that in the Whatley case the record affirmatively showed that it did not contain all the evidence produced in court. In the case at bar there is nothing in the record showing that it is not the entire record.

Appellees next contend that the will is barred by § 37-223, Ark. Stats., which is as follows: ''All actions not included in the foregoing provision shall be commenced within five years after the cause of action shall have accrued.'' This section of the Statute has not been considered as applying to the probation of wills. In the case of *Dudgeon* v. *Dudgeon,* 119 Ark. 128, 177 S. W. 402, this Court said:

''The right to probate this will would not be defeated merely by the delay in the institution of this suit, although, with full knowledge of all the facts, appellant delayed over ten years in moving for that purpose.''

Act 140 of 1949 providing that no will shall be admitted to probate unless application is made to the court within 5 years from the death of the decedent is not applicable here, as the Statute in that respect is not retroactive in effect. If it were, the will would be barred by the Statute if filed for probate at any time subsequent to 5 years after the death of the deceased. In this case the testator's death occurred about 14 years before the passage of the Act. The Probate Code provision on limitation can operate prospectively only. *Trapnall* v. *Burton,* 24 Ark. 371; *Duke* v. *State,* 56 Ark. 485, 20 S. W. 600; see, also, paragraph B of § 2, Act 140 of 1949. Also, we have not overlooked the case of *Johnson* v. *Beede,* 186 Ark. 558, 54 S. W. 2d 413.

Appellees also contend that Ona Hudson is now estopped and is barred by laches from probating the will. It appears that if anyone would be estopped or barred by laches in regard to the will, it would be the contestants.

There is no showing that Ona Hudson, the proponent of the will, even knew that there was a will in existence. He had heard some discussion of a will but nothing definite. He had nothing to gain by the will not being probated. He did nothing to keep it from being probated. The will was not in his possession and never had been. In fact, Ona would have no reason for not wanting the will probated. Before Ona would be estopped from asking that the will be probated, there would have to be a showing of some conduct on his part whereby it would now be unjust to probate the will. There is no showing of that kind.

Appellees quote from 19 Am. Jur., § 38, as follows: "The proper function of equitable estoppel is the prevention of fraud, actual or constructive, and the doctrine should always be applied so as to promote the ends of justice and accomplish that which ought to be done between man and man." We agree with this principle of law but we are of the opinion that it is in Ona's favor in this case. As to the argument advanced by appellees that Ona is now barred by laches from seeking to probate the will, the doctrine of laches which is a species of estoppel rests upon the principle that, if one maintains silence when in conscience he ought to speak, equity will bar him from speaking when in conscience he ought to remain silent. *Hardie* v. *Hilton*, 211 Ark. 991, 204 S. W. 2d 163; (citing a long list of cases to the same effect). There is no evidence in this case that Ona should have spoken at any time before he did speak.

Delay in probating the will in this case could work to the disadvantage of no one except Ona. In our opinion the will should have been admitted to probate.

Reversed.