HORN v. HORN, ADMINISTRATOR.

5-869                                     287 S. W. 2d 586

Opinion delivered March 5, 1956.

*Melvin T. Chambers,* for appellant.

*Henry B. Whitley* and *Wendell Utley,* for appellee.

PAUL WARD, Associate Justice. This appeal calls for a construction of Section 64, Act 140 of 1949, which act is often referred to as the New Probate Code. Said section is now Ark. Stats. (Supp.) § 62-2125 and it provides the time limit in which a will may be probated.

Appellant, Alpha Horn, is the widow of Dr. W. H. Horn and appellee, Claude H. Horn (administrator), is his son. Dr. Horn was first married to Bertie Lee Horn and of that union were born four children including appellee. In 1938 Dr. Horn and Bertie Lee Horn each executed a will leaving all property to the other. Bertie Lee Horn died October 3, 1940, and in 1942 Dr. Horn married appellant. On September 14, 1954, Dr. Horn died, leaving no children by his second wife.

According to appellant's statement Bertie Lee Horn owned several head of cattle and other property at the time of her death, and Dr. Horn took charge of the same and treated them at all times as his own property.

On September 25, 1954, Claude H. Horn was appointed administrator of his mother's estate, and as such administrator he took charge of all of the livestock and other property claiming the same belonged to the estate of his mother, Bertie Lee Horn. Some time thereafter appellant discovered among the papers of her husband the will of Bertie Lee Horn, and on March 24, 1955, she filed a petition seeking to have said will probated. To the above petition Claude H. Horn, as administrator of his mother's estate, filed a demurrer on the ground that five years had passed since the enactment of Act 140 of 1949, and thus pled the five year limitation as a bar to the probation of the will. The pertinent section of said Act 140 is the one mentioned above, and it reads as follows:

"No will shall be admitted to probate and no administration shall be granted unless application is made to the court for the same within five years from the death

of the decedent; this section shall not affect the availability of appropriate equitable relief against a person who has fraudulently concealed or participated in the concealment of a will.''

The trial court sustained appellee's demurrer, and appellant has appealed.

Appellant states, and appellee admits, that prior to the passage of said Act 140 there was no limit to the time in which a will might be probated. It is appellant's contention that the statute above quoted is not retroactive and that, therefore, she had the right under the old law to probate the will of Bertie Lee Horn. In support of this argument appellant cites and quotes from *Hudson* v. *Hudson*, 219 Ark. 211, 242 S. W. 2d 154. In the cited case, the court, after referring to said Act 140, among other things, stated: ''. . . the statute in that respect is not retroactive in effect.'' The court also stated: ''The Probate Code provision on limitation can operate prospectively only.'' Notwithstanding the above quoted excerpts apparently, to some extent, support appellant's contention, yet the opinion as a whole is far from conclusive. In the cited case, the will was admitted to probate notwithstanding the fact that the testator had died some fifteen years previously. The will was correctly offered for probate, however, less than five years after the effective date of said Act 140. The court, in the cited case, had no occasion to pass upon the exact question here presented. Other decisions of this court impel the conclusion that appellant had no right to probate the will in question since her petition was filed more than five years after the effective date of Act 140 of 1949.

In the case of *Trapnall, et al.* v. *Burton, et al.*, 24 Ark. 371, the court had occasion to construe a recently enacted statute limiting the time requisite to create a bar to the recovery of real estate to seven years. Previously thereto the time limit had been fixed by statute at ten years. It was there held that the new limitation statute would apply to old causes of action which had not expired on the date the new statute became effective. In speaking of the new

statute the court said: "It applies to old cases, but not till the expiration of the fixed time from and after it takes effect." "If there was a cause of action existing, not barred by the old statute, but to which the new one applied, it could be pleaded." At page 388 the court summed the matter up in these words: "The former law governs until the time fixed by the new law expires, after its passage, and then the new law applies to all cases not then barred by the old law."

In the case of *Duke* v. *State*, 56 Ark. 485, 20 S. W. 600, the court was dealing with a statute limiting the time to enforce certain liens. There the court, in considering a question similar to the one here presented and in referring to another decision, made this statement on page 498 of the Arkansas Reports:

" 'A statute of limitations may undoubtedly have effect upon actions which have already accrued as well as upon actions which accrue after its passage.' And it was there held that, in the absence of a contrary provision, the period of limitation fixed by the statute would be computed as to causes of action existing when it was passed, from the time when they are first subjected to its operation."

Appellant cannot be heard to say that she had a vested right under the old probate law to an unlimited time in which to file a petition to probate the will. The right she had under the old law was not one which could not be changed or limited by a new act of the legislature. This rule was clearly stated in the case of *Johnson* v. *Beede*, 186 Ark. 588, 54 S. W. 2d 413. There appellant filed a petition to be exempt from a stock law, contending he had six months to do so under an old law. The court held that his time was fixed by a new act [Act 44 of 1931] which limited the time to three months. In speaking of appellant's contention the court said:

"This argument would be sound if amendatory Act 44 of 1931 swept away any contractual obligation or title, legal or equitable, to the enjoyment of property. The

amendatory act operated upon a remedy only by changing the time from six to three months in which appellants might file petitions to exempt their townships from the provisions of the general stock law from the date of the adoption thereof. One does not have a vested right in remedies or matters of procedure.''

We do not know, and need not be concerned in this case, upon what grounds the probate court allowed appellee to take out letters of administration upon the estate of Bertie Lee Horn. It will be noted that the Ark. Stats. (Supp.) § 62-2125, copied above, not only limits to five years the time in which a will may be admitted to probate but it also limits to five years the time in which letters of administration may be granted.

It follows from what we have said above that the trial court was correct in sustaining appellee's demurrer.

Affirmed.