Richard F. MORTON and Elizabeth
J. MORTON *v*. Paul TULLGREN et al

77-241                                            563 S.W. 2d 422

Opinion delivered March 13, 1978
(Division II)
[Rehearing denied April 17, 1978.]

70

*Rose, Nash, Williamson, Carroll, Clay & Giroir, P.A.*, for appellants.

*Donald J. Adams*, of *Adams, Covington & Younes*, and *Ronald P. Kincade*, for appellees.

JOHN A. FOGLEMAN, Justice. Appellants Richard F. Morton and Elizabeth J. Morton were held liable to appellees for

an alleged violation of the Arkansas Securities Act. Each of the appellees purchased an interest, represented by a certificate of participation, in a limited partnership known as "Mountain Homes I," for which they paid $12,000. The limited partnership was formed to develop two mobile home parks and two large residential subdivisions. There were two general partners, Venture Development Corporation, a Minnesota corporation, and Mountain Home Investment Corporation, an Arkansas corporation. Richard Morton, an Arkansas real estate broker, was the sole stockholder of the Arkansas corporation and its president. His wife, Elizabeth Morton, was secretary-treasurer. The officers and directors of the Minnesota corporation were Robert W. Brantingham, Maynard T. (Ted) Brantingham, Robert McDonald, Nancy Brantingham and Dennis J. Dyrhaug, all of whom were non-residents of Arkansas at the time of the formation of the limited partnership. Dyrhaug and Richard Morton solicited prospective limited partners, among whom were appellees. In November, 1974, appellees learned, by reading the *Baxter Bulletin*, a newspaper, that the limited partnership interests had not been declared exempt from registration by the Arkansas Securities Commissioner and that they had been offered for sale by one who was not licensed as a securities agent. On November 19, 1975, appellees commenced this suit, alleging that Morton sold each a security on or about May 12, 1972. They alleged that the sales by Morton were in violation of §§ 3, 7 and 17(b) of the Arkansas Securities Act, which are Ark. Stat. Ann. §§ 67-1237, -1241, -1251(b) (Repl. 1966). It was alleged that Morton was acting under the direction and control of the two general partners, and the officers and directors of Venture and of appellant Elizabeth Morton.

Among other defenses, the Mortons pleaded the statute of limitations set forth in Ark. Stat. Ann. § 67-1256(e) (Supp. 1971). That section provided that:

No person may sue under this Section after three (3) years from the effective date of the contract of sale or after one [1] year from the date when the person in exercise of reasonable care could have discovered the alleged violation whichever is later, provided, no action may be brought after five (5) years from the effective date of the contract of sale. *****

The chancellor specifically found that appellees did not file their action within three years of the effective date of their respective contracts of sale of the interests or within one year from the date appellees, in the exercise of reasonable care, could have discovered the alleged violations. The court held, however, that the statute of limitations applicable was that provided in § 17 of Act 47 of 1973 [Ark. Stat. Ann. § 67-1256(e) (Supp. 1973)]. This act extended the three year statute to five years and eliminated the provision providing for a limitation of one year after the purchaser could have discovered the alleged violation. In this, the chancery court erred.

It is true, as appellees urge, that no one has any vested right in a statute of limitations until the bar of the statute has become effective. *Pinkert* v. *Lamb*, 215 Ark. 879, 224 S.W. 2d 15; *Horn* v. *Horn*, 226 Ark. 27, 287 S.W. 2d 586. It is also true that the General Assembly may validly enlarge the period of limitations and make the new statute, rather than the old, apply to any cause of action which has not been barred at the time the new statute becomes effective. See *Hill* v. *Gregory*, 64 Ark. 317, 42 S.W. 408. The critical question is one of legislative intent. There is a split of authority on the subject, and it appears that it may be the view of a majority of the jurisdictions passing on the question that amendments extending the period of the statute of limitations apply to causes of action accrued, but not already barred, unless the amendatory act expressly provides otherwise. The view taken in this state, however, is to the contrary, i.e., the amendatory act does not extend the statutory period unless the legislative intention that it do so is expressly stated.

The first time this court squarely addressed the question, it held that the three year statute of limitations on actions on promissory notes in effect at the time the note became due applied, even after a part payment made after maturity of the note and after the passage of an act extending the statutory period to five years, and that the action brought within five years after the part payment but more than three years thereafter, was barred. *Durritt* v. *Trammel*, 11 Ark. 183. We said:

We think it therefore unreasonable to hold that a part payment made before the bar of the statute has been perfected creates a new right of action for the recovery of the balance. On the contrary, we think that, although the effect of such part payment is to prolong the period of recovery, yet although the plaintiff avails himself of this prolongation in the action for this purpose, he is nevertheless but in the use of his original remedy upon his original right of action for the recovery of his original debt, neither having been at any time either destroyed or impaired. Entertaining these views we hold that the part payment in question did not take this case out of the act of 1839. And finding no error in the proceedings or judgment of the court below, the latter must be affirmed with costs.

The same rule was applied in *Biscoe* v. *Stone*, 11 Ark. 39; *State* v. *Terry*, 12 Ark. 133; and *Mason* v. *Howell*, 14 Ark. 199. See also, *Sullivan* v. *Hadley*, 16 Ark. 129; *Duke* v. *State*, 56 Ark. 485, 20 S.W. 600. In *Chandler* v. *Chandler*, 21 Ark. 95, we remarked that we had repeatedly held the later act to be prospective in operation, i.e., that it did not apply to causes of action that had accrued when it was passed.

The judicial attitude illustrative of the Arkansas position on this matter was articulated in *Hicks* v. *Lusk & Co.*, 19 Ark. 692, where we said:

***** Changes in the law of limitations, either by legislation, or fluctuations in the decisions of the Courts, are productive of evil consequences.

See also, *Hawkins* v. *Campbell*, 6 Ark. 513. Our approach to the question is founded upon the disapprobation of retrospective legislation by the courts and the resulting strong presumption that statutes are not to be retroactively applied unless there is a clear legislative intention that they be. *Baldwin* v. *Cross*, 5 Ark. 510; *Couch* v. *McKee*, 6 Ark. 484; *Hawkins* v. *Campbell*, supra; *Coco* v. *Miller*, 193 Ark. 999, 104 S.W. 2d 209; *Schuman* v. *Walthour*, 204 Ark. 634, 163 S.W. 2d 517. See also, *Hudson* v. *Hudson*, 219 Ark. 211, 242 S.W. 2d 154; *Dean* v. *Brown*, 216 Ark. 761, 227 S.W. 2d 623.

It has been said that statutes of limitation ought to be construed as prospective in operation "unless otherwise expressed or that they cannot have the intended operation by any other than a retrospective construction." *Baldwin* v. *Cross,* supra; *Moore* v. *McLendon,* 10 Ark. 512.

Cases such as *Dyer* v. *Gill,* 32 Ark. 410, where the intention to make the amendment retroactive is expressed are not applicable here. Cases where the bar of the old statute was complete when the new one was passed present a different question from that with which we are confronted. See *Couch* v. *McKee,* supra; *Hawkins* v. *Campbell,* supra; *Davis* v. *Sullivan,* 7 Ark. 449.

It has long been recognized that where no previous statute of limitations existed, a statute of limitations operates upon demands existing at their passage in the same manner as it does upon those taking effect on the day upon which the act took effect. *Baldwin* v. *Cross,* supra; *Hawkins* v. *Campbell,* supra; *Horn* v. *Horn,* supra. Cases of this nature relied upon by appellee are not applicable. It is, however, recognized that the General Assembly may reduce the period of limitation even as to an existing cause of action, so long as a reasonable time is allowed between the passage of its act and the time the new act takes effect for the bringing of such actions. *Steele* v. *Gann,* 197 Ark. 480, 123 S.W. 2d 520, 120 ALR 754.

The absence of a specific repeal of the earlier act by the later is taken to be a significant indication that the General Assembly did not intend that the new statute of limitations be applied retroactively and thereby result in extension of the bar in respect to causes of action which had already accrued. A general repeal as in the later statute is not taken to indicate an intention that the new statute be applied retroactively. *Hawkins* v. *Campbell,* supra; *Trapnall* v. *Burton,* 24 Ark. 371; *Moore* v. *McLendon,* supra. There was only a general repealer here.

We are not unaware of our decision in *Johnson* v. *Beede,* 186 Ark. 588, 54 S.W. 2d 413, wherein the question involved was the time limitation on the filing of a petition to exempt a township from a county stock law adopted at a local option election, where the time for filing had been reduced by

legislative act after the election but before the petition in question was filed. The argument was that the petitioners had a vested right under the statute existing at the time of the election. We simply held that they had no vested rights. The particular issues with reference to the retroactivity involved here were not treated in the opinion and there is no indication in that opinion that the particular questions we are addressing were raised. Our reliance on *Johnson* in *Horn v. Horn,* supra, was only on the basis of the holding as to vested rights. The cases there cited clearly show that we were treating that question only, as they do not involve statutes of limitations. We have previously said that we were not overlooking *Johnson,* but tacitly held it inapplicable, where we held a statute to be prospective in operation. *Hudson v. Hudson,* supra. See also, *Schuman v. Walthour,* supra, where the question of retroactivity was directly in issue.

The rationale of our holdings that a statute extending the period of limitations is applicable only to causes of action arising after the act becomes effective, unless expressly made retroactive, is not based upon any vested right in the statute of limitations. It is based upon the strong presumption that a legislative act is not intended to operate retroactively. *Trapnall v. Burton,* supra; *Baldwin v. Cross,* supra; *Couch v. McKee,* supra; *Coco v. Miller,* supra; *Schuman v. Walthour,* supra.

Another factor that has a bearing on our consideration of this question is that the cause of action against appellant Elizabeth Morton is based upon the fact that she was an officer of a corporation that was a general partner. To some extent, the same may be said as to the cause of action against Richard Morton. The statute makes every person occupying that position liable to a purchaser, unless he sustains the burden of proving that he did not know, and in the exercise of ordinary care could not have known, of the existence of facts by reason of which liability is alleged in an action such as this. Furthermore, the cause of action was based upon the omission of the sellers of securities to state a material fact necessary to make statements made not misleading. The specific violations of the Arkansas Securities Act alleged and shown were selling unregistered securities which had not been exempted and dealing in them through an unregistered agent. Ark. Stat. Ann. § 67-1237, -1241. Clearly, in this

respect, the Securities Act created a cause of action that had not previously existed. In many jurisdictions, including some in which a statute making the statutory period longer is considered to be retroactive, unless made prospective only by statutory language, the question is treated differently, because the limitation is on the right as well as the remedy. The result is that, as to causes of action already accrued at the time the enlarging statute is enacted, the subsequent statute will not operate to extend or enlarge the original limitation period, especially where the language of the statute does not provide for retrospective application. *Wilson* v. *New Mexico Lumber & Timber Co.*, 42 N.M. 438, 81 P. 2d 61 (1938); *Wall* v. *Gillett*, 61 N.M. 256, 298 P. 2d 939 (1956); *Bretthauer* v. *Jacobson*, 79 N.J.L. 223, 75 A. 560 (1910); *McCrater* v. *Stone & Webster Engineering Corp.*, 248 N.C. 707, 104 S.E. 2d 858 (1958); *Close* v. *Potter*, 155 N.Y. 145, 49 N.E. 686 (1898); *Hibler* v. *Globe American Corp.*, 128 Ind. App. 156, 147 N.E. 2d 19 (1958); *Blocher* v. *Harlow*, 268 Md. 571, 303 A. 2d 395 (1973); *Zitomer* v. *Slate*, 21 Md. App. 709, 321 A. 2d 328 (1974).

Since we find nothing to indicate any intention of the legislature to make Act 47 of 1973, extending the statute of limitations as it then appeared as Ark. Stat. Ann. § 67-1256 (e) (Supp. 1971) to be retrospective, the chancery court applied the wrong statute of limitations and the action brought by appellees was barred by the statute of limitations.

The decree is reversed and the cause dismissed.

We agree. HARRIS, C.J., and BYRD and HOLT, JJ.