Charles D. RAGLAND, Commissioner of Revenues *v.*
TRAVENOL LABORATORIES, INC.

85-4                                              689 S.W.2d 349

Supreme Court of Arkansas
Opinion delivered May 13, 1985
[Rehearing denied June 17, 1985.]

*Timothy J. Leathers, Joseph V. Svoboda, Wayne Zakrzewski, Kelly S. Jennings, John H. Theis, Ann Kell,* and *Joe Morphew,* by: *Michael D. Munn,* for appellant.

*Smith, Smith & Duke*, by: *Griffin Smith, Jr.*, for appellee.

GEORGE ROSE SMITH, Justice. In March, 1982, the State Revenue Commissioner audited the books of the appellee, Travenol Laboratories, with regard to its possible liability for the state use tax (compensating tax) for the period from January 1, 1978, through August 31, 1981. The audit resulted in the assessment of a deficiency for the period in question. Travenol paid the amount assessed and brought this suit to recover that part of the tax levied for the first 14 months of the period. It is stipulated by the parties that the only issue in this case is whether the assessment for that 14-month period, January 1, 1978, through February 28, 1979, is barred by limitations. The chancellor agreed with the taxpayer, holding that the three-year limitation provided by law for the collection of the sales tax (gross receipts tax) should be applied by analogy to the use tax. The Commissioner's appeal comes to us under Rule 29(1)(c). We agree with the chancellor. ·

When Arkansas first levied a sales tax in 1941 or earlier, the legislature did not levy a companion use tax on tangible personal property purchased out of the state and used in the state. The sales tax act required every taxpayer to retain suitable records of his gross receipts for a period of three years, Ark. Stat. Ann. § 84-1907 (Repl. 1980), and provided that the period for the collection of delinquent taxes was also three years. Act 386 of 1941, § 9, now superseded by Ark. Stat. Ann. § 84-4715(a).

When the use tax was first levied in 1949, the statute required the taxpayer to retain his records for three years, Act 487 of 1949, § 21, but apparently by oversight the statute did not contain the three-year limitation for the collection of delinquent use taxes. Nevertheless, according to the testimony, the revenue department followed the sales tax practice by observing a similar three-year period for the collection of the use tax. That continued until the three-year limitation was put into general effect by the Arkansas Tax Procedure Act of 1980. § 84-4715(a), *supra*.

■ The three-year limitation should properly be applied in this case. Ever since their enactment the sales tax and use tax acts have been complementary measures, designed to work together in levying a similar tax on goods either purchased here or brought in from other states. We may assume that the legislature has been aware of the revenue department's long-standing practice of observing the three-year limitation as to both taxes, which in most

instances were both paid by the same concerns, based on the same business records. The three-year record retention requirement has also been the same for both taxes. We are unwilling to say that the legislature intended to put the state's taxpayers at a disadvantage by requiring them to keep their tax records for only three years while subjecting them to the hazards of a deficiency assessment for a longer period.

■ One other point. The 1980 Tax Procedure Act contained for the first time a provision that if a taxpayer understates a State tax by 25% or more, the limitation period is six years instead of three. § 84-4715(e). It is stipulated that Travenol understated its liability by more than 25%. The Commissioner argues that the new law should be applied retroactively even though the taxes now in issue became delinquent before the new statute was adopted. It is true that in some jurisdictions new periods of limitation are applied to claims not yet barred when the statute is passed, but after considering the matter in detail this court took the position that, since legislative acts are not presumed to operate retroactively, a statute extending the period of limitations will not be so construed unless the statute is expressly made retroactive. *Morton* v. *Tullgren*, 263 Ark. 69, 75, 563 S.W.2d 422 (1978). We adhere to that view. The appellant also argues that the catch-all five-year statute, Ark. Stat. Ann. § 37-213 (Repl. 1962), should be applied, but since we are holding that the pertinent tax laws are controlling, we need not consider the possible application of a general statute.

Affirmed.