William H. DELAFIELD *v.* Beverly S. LEWIS

89-21                                            770 S.W.2d 659

Supreme Court of Arkansas
Opinion delivered May 30, 1989
[Rehearing denied July 3, 1989.]

*Crumpler, O'Connor & Wynne,* for appellant.

*Dickey Law Firm, P.A.,* for appellee.

TOM GLAZE, Justice. This case involves the interpretation of ·Ark. Stat. Ann. § 62-2125 (Repl. 1971) [now Ark. Code Ann. § 28-40-103 (1987)], as amended by Act 166 of 1963 (sometimes referred to hereinafter as the 1963 Act). In this appeal, the appellant contends that the trial court's May 16, 1988 order admitting to probate the will of a non-resident, who died in 1962, was error. He argues the appellee's application to probate the foreign will was barred by the five-year limitation provided by § 62-2125. Appellee submits the trial court's decision was correct because the limitation was removed when the General Assembly passed Act 166 of 1963, amending § 62-2125.

The deceased, Jessie Spears, was a resident of Illinois and died testate on September 26, 1962. Her will was probated in Illinois by order dated November 19, 1962; appellee, Beverly S. Lewis, was appointed executrix, and under the will, she took all of the decedent's property except for a ring, which the deceased gave her first cousin, Mary Delafield — the appellant's mother.

In 1968, appellee sought an order to probate the deceased's foreign will in Arkansas after the appellee discovered the decedent had mineral interests located here. Appellant, purporting to be the decedent's only living heir, contested the appellee's petition for probate and appointment as personal representative, requested the petition be denied and argued he should be entitled to the deceased's mineral interests in accordance with the state's intestacy laws. Both parties filed their respective summary judgment motions, and the court denied the appellant's and granted the appellee's requests.

The broad issue for us to consider is whether the 1963 Act is applicable to the facts in this case. If it is, then the trial court was correct in admitting the decedent's foreign will because the 1963 amendatory Act removed the five year time limit previously required under § 62-2125. On the other hand, if the old law controls, the five-year limitation appears to bar the decedent's will because she died in 1962 and the five year period from her death has long since past.

Prior case law has already established that the Probate Code provision on limitation was intended to operate prospectively only. *See Horn* v. *Horn*, 226 Ark. 27, 287 S.W.2d 586 (1956); *Hudson* v. *Hudson*, 219 Ark. 211, 242 S.W.2d 154 (1951). That

being so, it would seem the 1963 Act (the present Probate Code limitation provision) would in no way affect the deceased's will since she died in 1962 and her will was probated in Illinois the same year. Nevertheless, some of our earlier cases recite language that would seem to give merit to the trial court's position that when the 1963 Act went into effect, the five-year limitation required under the old law had not yet expired. As a consequence, the trial court reasoned and held that the 1963 Act had changed the remedy — removing the five-year limit to no limitation — at a time when appellee's right to probate the will was still viable, *i.e.*, not barred, and therefore, her time to probate had been extended indefinitely by the new Act. In support of this view, we recognize language used in prior cases that states that a new limitation statute will apply to old causes of action which had not expired on the date the new statute became effective. *Horn*, 226 Ark. at 29, 287 S.W.2d at 587; for other cases employing the same rule or language, *see Hill* v. *Gregory*, 64 Ark. 317, 42 S.W. 408 (1897); *Moore* v. *McLendon*, 10 Ark. 512 (1849-50).

In view of the trial court's specific holding, we now turn to the narrow issue presented by the facts in this case, *viz.*, whether the 1963 Act applied to the deceased's will and thereby extended the time to probate it, since, although she died in 1962, the 1963 Act went into effect well within the five-year limitation period required by the old law.

■ Our holding in the more recent cases of *Morton* v. *Tullgren*, 263 Ark. 69, 563 S.W.2d 422 (1978), and *Ragland* v. *Travenol Laboratories, Inc.*, 286 Ark. 33, 689 S.W.2d 349 (1985), compel a negative answer. The facts in *Morton* concerned a security transaction that occurred on or about May 12, 1972. The plaintiffs filed suit in connection with that transaction on May 12, 1975, which was after the three-year limitation period in effect at the time the 1972 transaction was consummated. The plaintiffs argued their time to commence suit had been extended because a 1973 act had enlarged the limitation period to five years. The *Morton* court rejected the plaintiffs' argument, stating as follows:

> The critical question is one of legislative intent. There is a split of authority on the subject, and it appears that it may be the view of a majority of the jurisdictions passing on the

question that amendments extending the period of the statute of limitations apply to causes of action accrued, but not already barred, unless the amendatory act expressly provides otherwise. *The view taken in this state, however, is to the contrary, i.e., the amendatory act does not extend the statutory period unless the legislative intention that it do so is expressly stated.* (Emphasis added.)

In *Ragland*, we refused to retreat from the position we took in *Morton*, by saying the following:

It is true that in some jurisdictions new periods of limitation are applied to claims not yet barred when the statute is passed, but after considering the matter in detail this court took the position that, since legislative acts are not presumed to operate retroactively, a statute extending the period of limitations will not be so construed unless the statute is expressly made retroactive. *Morton* v. *Tullgren*, 263 Ark. 69, 75, 563 S.W.2d 422 (1978). We adhere to that view.

■ In view of this court's holdings in *Morton* and *Ragland*, it is clear that the trial court erred in its attempt to apply the 1963 Act to extend the time to allow appellee to file the deceased's will in Arkansas. The old law, containing the five-year limitation, barred the probate of the deceased's will. In reaching this decision, we considered, but rejected, the suggestion that the case law established in *Morton* and *Ragland* may not be applicable to probate proceedings and the limitations provided for such proceedings. When we review prior probate cases that concern similar limitation issues to the one posed in the present case, we discover this court indiscriminately cited and relied on language and rules set out in non-probate cases. *See Horn*, 226 Ark. 27, 287 S.W.2d 586; *Hudson*, 219 Ark. 211, 242 S.W.2d 154. By the same token, the *Morton* court, in reaching its decision, relied, at least in part, on our probate decisions in *Horn* and *Hudson*.

■ Of course, an obvious distinction exists between probate proceedings and contract or debt cases since the applicable limitation periods concerning the latter cases are triggered when a cause accrues, *viz.*, at the time of a breach or when the note matures. A probate proceeding involves no cause of action but serves to make a will effectual for the purpose of proving title to or

54

the right to the possession of any real or personal property disposed of by the will. *See* Ark. Code Ann. § 28-40-104 (1987). Thus, any limitation period is initiated by the death of a decedent rather than any accrued cause of action. Regardless of this fine distinction which can be made between probate proceedings and other type cases, such a distinction does not warrant a different rule of construction when deciding the interpretation or applicability of limitation provisions that might allow or bar a person from initiating that proceeding or action.

For the reasons set out above, we must reverse the trial court's decision admitting the decedent's will to probate.

HOLT, C.J., HICKMAN, J. and HAYS, J., dissent.

STEELE, HAYS, Justice, dissenting. Our cases give us two options: we can reverse the trial court, follow *Morton* v. *Tullgren*, 263 Ark. 69, 563 S.W.2d 422 (1978), a position rejected by a majority of courts, and thus defeat the certain intent of the testatrix in the disposition of her estate. Or we can follow *Horn* v. *Horn, Administrator*, 226 Ark. 27, 287 S.W.2d 586 (1956), and *Sims* v. *Schavey*, 234 Ark. 166, 351 S.W.2d 145 (1961), affirm the trial court, uphold the will and, I believe, achieve exactly the result intended by the legislature in the enactment of Ark. Code Ann. § 28-40-103(c). The latter course seems more appropriate to me.

HOLT, C.J., and HICKMAN, J., join in this dissent.